THE PEOPLE v. FRANK LEWIS.

*Examination as to plea of guilty—Age of offender.*

A prisoner who had pleaded guilty was asked by the judge if he understood that if the plea was entered he would not be entitled to trial but would be subject to sentence. He said he so understood and wished the plea to be entered. He was sentenced the same day, the judge asking him if he had any reason to urge why judgment should not be passed against him, to which he answered that he knew of none. The judge made no other examination as to whether the prisoner's plea was voluntary, and this was in the presence of the prosecuting attorney and other officers of the court, but he made return that he was satisfied at the time from the prisoner's statements that the plea was voluntary. *Held*, sufficient.

It is presumed that a judge before sentencing a convict performs his duty as to ascertaining the latter's age, unless the contrary is implied in the record of the proceedings.

Certiorari to Oceana.   (Russell, J.)   June 19.—June 22.

LARCENY from a dwelling in the day time.   In response
to a writ of certiorari from the Supreme Court, the trial
judge returns that the information on which respondent
was arraigned was distinctly read to him by the prosecuting
attorney, and on being asked by the court whether he was
guilty or not guilty, he stated that he was guilty and desired
to have that plea entered.   The court then asked him if he
understood that in case he entered a plea of guilty, he would
not be entitled to a trial, but would be subject to sentence,
and he stated that he so understood and desired to enter a
plea of guilty.   The plea was then entered, and on the same
day he was brought to the bar, and on motion of the prose-
cuting attorney the court proceeded to pass sentence by
asking him if he had any reason to urge why judgment
should not be passed.   He said he knew of none.   The
judge then asked him his age and occupation and sentenced
him.   The judge adds "I was satisfied at the time from
respondent's statements that the plea of guilty was volun-
tary.   I further return that I made no examination outside
of the regular routine court business as to whether the plea
of guilty was voluntary or otherwise, or as to his age, and
that all examination that was made was in the presence of
the prosecuting attorney and other officers of the court."
Respondent was convicted and sentenced to the State House
of Correction and Reformatory at Ionia for one year and
three months.   Affirmed.

*Gurney & Stevens* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

GRAVES, C. J.   We think no error was committed by the
circuit judge against the statute requiring a certain examina-
tion before sentence on plea of guilty.   Pub. Acts 1875, p.
140.   The case is governed by *People v. Coveyou* 48 Mich.
353, and *Bayliss v. People* 46 Mich. 221.

We are referred to the note in *People v. Stickney* 50

Mich. 99, as authority for a contrary view. It is sufficient to observe that what is there shortly said must have proceeded from some misapprehension, because it is directly opposed to the settled view of the Court as repeated in prepared opinions.

The point suggested that it does not appear that the defendant's age was ascertained, is not well taken. The intendment is that the circuit judge performed his duty in that regard, there being nothing to imply the contrary. *Matter of Mason* 8 Mich. 70.

The judgment is affirmed.

The other Justices concurred.