THE PEOPLE v. WILLIAM BRENNAN ET AL.

*Criminal law—Certiorari—Ex-judge cannot make return.*

1. The requirement of How. Stat. § 9558, making it the duty of the circuit judge, before pronouncing sentence upon a prisoner upon his plea of guilty, to become satisfied, after such investigation as he may deem necessary for that purpose, respecting the nature of the case and the circumstances of such plea, that it is made freely, with full knowledge of the accusation, and without undue influence, is held sufficiently complied with where the circuit judge stated to the respondent that, before his plea of guilty could be accepted by the court, the judge must be fully satisfied that it was made freely and voluntarily, and without any undue influence, and with a full understand-

ing of the accusation contained in the information, and of the effect of such plea, and inquired of the respondent whether any person had advised or held out any inducement to him to interpose such plea, and whether he had so pleaded in the hope or expectation of receiving any favor or leniency from the court on account thereof, to all of which inquiries the respondent answered in the negative; and the judge fully explained to the respondent the nature of the offense charged, and the consequences which must follow the acceptance of such a plea, who indicated to the court that he fully understood the nature of the accusation, and that the plea tendered was free and voluntary, and the judge, being fully satisfied of such facts, directed that the plea be entered. The proceedings stated were had in open court, but on the arraignment of the respondent for sentence he had an opportunity to communicate personally and privately with the judge, but gave no intimation of a desire to do so, and suggested no reason why sentence should not be pronounced against him. The respondent was not represented by counsel upon either of the occasions referred to. *Edwards v. People*, 39 Mich. 760; *Henning v. People*, 40 Id. 733; *Clark v. People*, 44 Id. 308; *People v. Ferguson*, 48 Id. 41; *People v. Stickney*, 50 Id. 99 (overruled); *People v. Lewis*, 51 Id. 172; *People v. Brown*, 54 Id. 15; *People v. Ellsworth*, 68 Id. 496.

2. No one but the trial judge who pronounced sentence can make return to a writ of *certiorari* as to a compliance with the requirements of How. Stat. § 9558, before pronouncing sentence upon a plea of guilty; and such judge cannot make such return after the expiration of his term of office.

3. The *personal* answer of an ex-circuit judge to a writ of *certiorari*, directed to the circuit court over which he presided, is a voluntary proceeding, and not a component part of the return. *Woodin v. Phœnix*, 41 Mich. 655.

Error and *certiorari* to Bay. Argued January 23, 1890. Decided January 31, 1890.

Respondents were convicted, upon their plea of guilty, of burglary, and sentenced to 20 years' imprisonment in State prison. Conviction affirmed. The facts are stated in the opinion, and in head-note 1.

*D. G. F. Warner* (*D. P. Sagendorph*, of counsel), for respondents.

*S. V. R. Trowbridge,* Attorney General, and *Curtis E. Pierce,* Prosecuting Attorney, for the people.

CHAMPLIN, C. J. Respondents were convicted in the circuit court for the county of Bay, on January 20, A. D. 1885, of the crime of burglary, upon their plea of guilty. They were sentenced to be confined in the State prison at Jackson at hard labor for the period of 20 years.

In November last they sued out a writ of error, and also a writ of *certiorari,* to the circuit court for the county of Bay. The writ of error has brought the record of the judgment before us, which reads as follows:

"William Brennan, Thomas Learney, and William Clark, the respondents, having been upon their plea of guilty duly convicted of the crime of burglary, as appears by the record thereof, and having been on motion of the prosecuting attorney brought to the bar of the court for sentence, and having then been asked by the court if they had anything to say why judgment should not be pronounced against them, and alleging no reason to the contrary, and the judge of said court having become satisfied after such investigation as he deemed necessary for that purpose, respecting the nature of the case and the circumstances of such plea, that the same was made freely and with full knowledge of the accusation against them, and without any undue influence, therefore it is ordered and adjudged by the court now here that the said William Brennan, Thomas Learney, and William Clark be severally confined in the State prison at Jackson at hard labor for the period of twenty years, from and including this day."

The respondents now seek to impeach this record by their affidavit for *certiorari,* by asserting that their plea of guilty was not voluntarily and freely made, and that the circuit judge made no investigation into the facts and circumstances before receiving their plea, and before pronouncing judgment upon them, and this after the

circuit judge who presided at the trial has ceased to be a judge of the court.

It is sufficient to say that a judgment cannot be impeached in this way. The circuit judge, however, has made return to the *certiorari*, which return shows that he sufficiently complied with the requirements of the statute[1] and that respondents have no ground of complaint.

We do not wish to be understood as sanctioning the practice that a circuit judge after his term of office has expired can make a return to a writ of *certiorari*, nor do we see what the respondents can accomplish by a writ of *certiorari* in such case. No one but the judge who tried and pronounced sentence upon the prisoners could return to the matters set up in the affidavit, and such judge is no longer qualified to act.

Moreover, the writ of *certiorari* was directed to the circuit court, and not to the circuit judge, and the answer of the ex-judge is a voluntary proceeding, and is not regularly a component part of the return. *Woodin v. Phœnix*, 41 Mich. 655 (2 N. W. Rep. 923).

No error is apparent in the record before us, and the judgment is affirmed.

MORSE, CAMPBELL, and GRANT, JJ., concurred.

---

[1] See head-note 1.