## PEOPLE *v.* WILLIAMS.

1. CRIMINAL LAW — ACCUSED NOT ENTITLED TO COUNSEL BEFORE PLEADING.

   An accused is not entitled, as of right, to have counsel assigned by the court to advise him relative to his plea.

2. SAME—CONSTITUTIONAL RIGHT OF ACCUSED TO COUNSEL DOES NOT MEAN AT PUBLIC EXPENSE.

   Although the Constitution of Michigan (Art. 2, § 19) secures to an accused the right to have counsel for his defense, it does not mean that he shall have it at public expense, but is a guaranty of the right to employ and have counsel, a right not always recognized in early English criminal cases.

3. SAME — STATUTORY RIGHT TO COUNSEL IS BUT DECLARATORY OF CONSTITUTIONAL RIGHT.

   3 Comp. Laws 1915, § 15623, allowing an accused the

right to be heard by counsel, is but declaratory of his constitutional right, and does not mean that he shall have counsel at public expense.

4. SAME—RIGHT OF ACCUSED TO COUNSEL AT PUBLIC EXPENSE IS PERMISSIVE ONLY AFTER PLEA OF NOT GUILTY.

The right of an accused to have counsel at public expense, under 3 Comp. Laws 1915, § 15912, is permissive only, requires a showing of inability of accused to procure counsel, and may be invoked only after plea, but may not be invoked after plea of guilty.

5. SAME—CHANGING PLEA—RIGHT TO COUNSEL.

Where defendants accused of breaking and entering dwellings in the nighttime made no application for counsel to defend them, either while their pleas of not guilty stood or after they had been changed to guilty, their claim, after sentence was pronounced, that counsel should have been appointed to represent them, is without merit.

6. SAME.

That the probation officer informed the court that defendants desired to change their pleas from not guilty to guilty, *held*, not harmful to them.

7. SAME—METHOD OF CHANGING PLEA—PLEADING OVER.

Where the court had defendants brought into open court and found they desired to change their pleas of not guilty to guilty, and the change was made, the fact that the usual practice of permitting the plea of not guilty to be withdrawn and then to plead over was not followed, *held*, not error, although it would have been better to follow the usual practice.

8. SAME—PRIVATE EXAMINATION NOT REQUIRED AFTER PLEA OF GUILTY—STATUTES.

In the examination by the court of accused persons required by 3 Comp. Laws 1915, § 15830, to be made after a plea of guilty is entered, it is not required that accused be placed under oath or that the examination be private.

9. SAME—PLEA OF GUILTY—CHANGING PLEA—DURESS—AFFIDAVITS—NEW TRIAL.

Where defendants charged with criminal offenses on two occasions in open court solemnly averred that there was no duress or undue influence used in inducing them to change their pleas of not guilty to guilty, the court

properly denied a motion for new trial based upon their affidavits that said change of plea was not freely made but was induced by fear, by "third degree methods," and by a promise that the informations would be so amended as to charge defendants with a lesser offense.

Error to recorder's court of Detroit; Cotter (Thomas M.), J. Submitted October 11, 1923. (Docket No. 126.) Decided November 13, 1923. Rehearing denied February 1, 1924.

Donald Williams and Goebel Baker were convicted of breaking and entering dwelling houses in the nighttime with intent to steal, and sentenced to imprisonment for not less than $7\frac{1}{2}$ nor more than 15 years in the State prison at Jackson. Affirmed.

*J. H. M. Alexander*, for appellants.

*Andrew B. Dougherty*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *Eugene A. Walling*, Assistant Prosecuting Attorney, for the people.

WIEST, C. J. Defendants entered pleas of not guilty to informations charging them with breaking and entering two dwelling houses in the nighttime with intent to steal, and with stealing certain goods and chattels therein, and were remanded to await trial. The trial judge, having been informed by an assistant probation officer that defendants desired to change their pleas, had them brought into court, and the record shows the following:

"*The Court:* You want to plead guilty in both of these cases, Goebel?

"*Mr. Baker:* Grand larceny, is it?

"*The Court:* Both of them are charges of breaking and entering. One is on complaint of Eva Young and the other is Alice Squires.

"*Mr. Baker:* Will your honor let me plead guilty to a larceny charge?

"*Mr. Toy* (Assistant Prosecutor): His attorney was here and he said he talked to him and he was to plead guilty.

"*The Court:* You do want to plead guilty to breaking and entering?

"*Mr. Baker:* Yes, sir.

"*The Court:* Are you pleading guilty of your own free will?

"*Mr. Baker:* Yes, sir.

"*The Court:* Because you are guilty?

"*Mr. Baker:* Yes, sir.

"*The Court:* Not because of any promises or threats?

"*Mr. Baker:* No, sir.

"*The Court:* You did break into both of these places in the nighttime?

"*Mr. Baker:* Yes, sir.

"*The Court:* They were dwellings?

"*Mr. Baker:* Yes, sir.

"*The Court:* I will refer you to the probation officer for investigation and set it for one week from today.

"*The Court:* Donald Williams, you want to change your plea also to guilty in this case—both cases?

"*Mr. Williams:* Yes, sir.

"*The Court:* Breaking and entering in the nighttime?

"*Mr. Williams:* Yes, sir.

"*The Court:* You are pleading guilty of your own free will?

"*Mr. Williams:* Yes, sir.

"*The Court:* Nobody threatened you or promised you anything?

"*Mr. Williams:* No, sir.

"*The Court:* I accept your plea and refer you to the probation department for one week."

When defendants were called for sentence they again stated that they were guilty and had entered pleas of guilty of their own free will, without inducement, threats or promises, confessed previous crimes and prison records and were sentenced under one of the informations.

While in prison serving their sentences they moved the court to vacate their pleas of guilty and set their

convictions aside, claiming they had first pleaded not guilty; were then interviewed by the probation officers who notified the court that they wished to change their pleas to guilty; that their pleas of guilty were not freely entered but under restraint and duress; that the court was in error in construing their answers "to his leading questions and accusations as a full, free, deliberate and unreserved plea of guilty;" that the court could not sentence them to prison unless they deliberately pleaded guilty to an information, the charges and contents of which they thoroughly understood; that they did not have the assistance of an attorney to advise them and they could not freely and intelligently act without such assistance; that the court stated in sentencing them: "defendants were no good, had records and accused them of crimes not charged in the information and thereby showed said court was prejudiced against defendants;" that the court did not investigate their pleas of guilty by an examination as required by 3 Comp. Laws 1915, § 15830, and they were entitled to have their guilt passed upon by an impartial jury.

An accused is not entitled, as of right, to have counsel assigned by the court to advise him relative to his plea. The State Constitution, art. 2, § 19, secures to an accused the right "to have counsel for his defense." This does not mean he shall have counsel at public expense. It is a guaranty of right to employ and have counsel; a right not always recognized in early English criminal cases. Section 15623, 3 Comp. Laws 1915, also allows an accused to be heard by counsel. This is only declaratory of the right secured to an accused by the provision mentioned in the Constitution, and is on a par with the right to produce witnesses and proofs in his favor, but does not mean he shall have counsel at public expense. Section 15912, 3 Comp. Laws 1915, permits the court

to appoint an attorney at public expense to conduct the defense of an accused when he is unable to procure counsel. This statute is permissive; its provisions require a showing of inability of an accused to procure counsel, and, as a rule, to which, of course, there may be exceptions, cannot be invoked by an accused until after plea and not at all under a plea of guilty. The record discloses no application by defendants for counsel during the period their pleas of not guilty stood, or at any other time, and there is no merit in the claim that counsel should have been appointed to represent them. We cannot see any harm in the probation officer informing the court of the desire of defendants to change their pleas.

It is said in behalf of defendants:

"In the case at bar the State of Michigan, acting by its judicial tribunal, the lower court, flagrantly violated the constitutional rights of defendants and unlawfully confined them in prison."

The record does not bear out this sweeping statement. When arraigned in court the defendants first entered pleas of not guilty. The court, being informed that they wanted to change their pleas, had them brought into open court and found they desired to plead guilty. The practice has been to permit the plea of not guilty to be withdrawn and then to plead over. This was not done in form, but they were allowed to change their pleas from not guilty to guilty, and it would be over-technical and make mere form control substance to hold they have not pleaded over. We think, however, the usual practice is best. Upon plea of guilty, the statute (3 Comp. Laws 1915, § 15830), and common prudence, demand that the judge, before pronouncing sentence, shall—

"become satisfied, after such investigation as he may deem necessary for that purpose, respecting the nature of the case, and circumstances of such plea, that said

plea was made freely, with full knowledge of the nature of the accusation, and without undue influence."

When pleas of guilty were tendered by defendants in open court, the judge was careful to ascertain that they were freely made, with full knowledge of the nature of the accusations and without undue influence. This was proper in order to determine whether the pleas would be accepted. Following this the probation officers were directed to make investigations and reports. Such reports were made, showing the circumstances of the crimes charged and the histories of defendants. Again, at the time of sentence, the judge, in open court, questioned defendants respecting the nature of the cases and the circumstances of their pleas and was assured by them, and had a right to rely thereon, that the pleas were made freely, with full knowledge of the nature of the accusations and without undue influence. But, it is said, defendants were not under oath at that time. It was not necessary to place them under oath. It is also said they were not accorded private examinations by the judge. It is common practice, and one well worthy of observance, for the judge to hold a private examination of an accused upon a plea of guilty and it was formerly held to be reversible error to conduct the examination in the presence of officers of the court and other persons. *Edwards* v. *People,* 39 Mich. 760; *People* v. *Stickney,* 50 Mich. 99. Later cases, however, reject such view. *People* v. *Lewis,* 51 Mich. 172; *People* v. *Lepper,* 51 Mich. 196; *People* v. *Brennan,* 79 Mich. 362.

The statute does not require a private examination. There was no error in holding the examinations in open court. Neither was there error in considering the reports of the probation officers as to the nature of the cases and the histories of defendants, and the opinion that defendants were not fit subjects

to come within the provisions of the probation law.

Should the court have granted the motion to set aside the convictions? Defendants, by affidavits, claimed they were unmercifully and brutally beaten, assaulted, threatened and put in fear by detectives of the Detroit police department working on the cases and were by them given "third degree methods," and were advised by them to change their pleas of not guilty to guilty, and promised them if they so changed their pleas they would cause the informations to be amended so as to charge defendants with the lesser offense of receiving stolen goods, and the officers were so threatening and persistent that they changed their pleas to guilty; that a probation officer interviewed them and advised them to change their pleas to guilty. The trial judge apparently gave no weight to such affidavits. On two occasions in open court they solemnly averred there was no duress or undue influence. We think the motion rightly decided.

The other alleged errors have been considered and are so clearly without merit as to call for no discussion.

We find no error and the convictions, and judgments thereon, are affirmed.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.