PEOPLE v. CRANDELL.

1. HOMICIDE—FIRST DEGREE MURDER—ROBBERY.
   One is guilty of murder of the first degree where he kills a person in an attempt to perpetrate a robbery (Act No. 328, § 316, Pub. Acts 1931).

2. SAME—CONFESSION—INTENT—ROBBERY—MURDER.
   Fact that in confession of 15-year old boy charged with murder of the first degree he stated there was an unintentional firing of revolver when he was attempting to perpetrate a robbery did not reduce the degree of murder ('Act No. 328, § 316, Pub. Acts 1931).

3. INFANTS—MURDER—BENEFIT OF COUNSEL—CONFESSION—PRESENCE OF PARENT.
   Conviction of 15-year old boy of murder of the first degree upon his confession without benefit of counsel cannot be set aside where in accord with lawful action though proceeding might well have been less speedy and opportunity afforded father of boy to be present.

4. CRIMINAL LAW—BENEFIT OF COUNSEL.
   The law affords an accused the benefit of counsel if he so desires; of his own selection, if employed by him, and by the court if he is without means and so requests.

5. INFANTS—MURDER—PROBATE COURT—JURISDICTION—WAIVER.
   Charge of murder of the first degree by 15-year old boy was wholly without the jurisdiction of the juvenile division of the probate court which properly waived jurisdiction (Act No. 309, chap. 4, § 27, Pub. Acts 1931, amending 3 Comp. Laws 1929, § 17161).

6. CRIMINAL LAW—MURDER—INFANTS—CONFESSION.
   Confession of 15-year old boy who killed party he was attempting to rob may be considered in determining degree of murder (Act No. 328, § 316, Pub. Acts 1931).

7. SAME—BENEFIT OF COUNSEL—CONSTITUTIONAL LAW.
   Constitutional provision, securing to an accused the right to have the assistance of counsel held, not applicable to case where accused, a 15-year old boy, confessed, pleaded guilty, trial court determined he should accept plea after hearing witnesses

and talking with boy's father and sisters and an attorney made a personal investigation before boy began his sentence (Const. 1908, art. 2, § 19).

BUSHNELL, J., dissenting.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 11, 1934. (Docket No. 126, Calendar No. 37,942.) Decided January 7, 1935.

William Crandell was convicted of murder of the first degree. Affirmed.

*Shelby B. Schurtz,* for appellant.

*Patrick H. O'Brien,* Attorney General, *Bartel J. Jonkman,* Prosecuting Attorney, and *Fred N. Searl,* Assistant Prosecuting Attorney, for the people.

WIEST, J. Defendant, a boy between 15 and 16 years of age, was convicted of murder of the first degree and sentenced to life imprisonment.

The day he was arrested, and without counsel or knowledge of his father, the juvenile division of the probate court waived its jurisdiction, he was arraigned in the police court, waived examination, was arraigned in the superior court and pleaded guilty to an information charging him with the crime of murder. After sentence the court was petitioned to set the sentence and conviction aside and accord defendant a trial with the assistance of counsel. The court refused to do so and, upon application, we allowed an appeal. The murder was clearly established by evidence, and the degree thereof was confessed by defendant and verified by other evidence as a killing in an attempt to perpetrate a robbery. This constituted murder of the first degree. Act No. 328, § 316, Pub. Acts 1931.

Defendant loaded his father's revolver, placed a mask over his face, went into the house of a neighbor, demanded money from Ima Brewer and, when she called him by his given name and started to get a broom stick he shot and killed her. Defendant then went home, burned the mask, replaced his father's revolver and, the next day, attended school and was there arrested.

The fact that in the confession defendant stated an unintentional firing of the revolver did not reduce the degree of murder. *People* v. *Roberts,* 211 Mich. 187 (13 A. L. R. 1253).

As stated in *People* v. *Lytton,* 257 N. Y. 310, 316 (178 N. E. 290, 79 A. L. R. 503):

"The court did not err in charging the jury in effect that the discharge of a pistol by a defendant who is holding it in his hand in furtherance of an attempt to rob, will lay the basis for a verdict of murder in the first degree, though the discharge was not intended, an accident induced by the terror or nervousness or excitement of the robber."

See, also, *Commonwealth* v. *Lessner,* 274 Pa. 108 (118 Atl. 24).

Before arraignment defendant made a written confession and, after plea, was examined by the judge and again confessed his crime and detailed the circumstances. Upon his plea the court examined witnesses; the written confession was placed in evidence and the court could do no less than sentence him to imprisonment for life for murder of the first degree. Act No. 328, § 316, Pub. Acts 1931.

No claim is made by defendant of coercion in obtaining the confession; neither does he now claim that the confession was not true.

The procedure employed in the instance at bar was expeditious and might well, considering the age

of the boy, have been less speedy and an opportunity afforded the father to be present but, if in accord with lawful action, we cannot set the same aside. The law affords an accused the benefit of counsel if he so desires; of his own selection if employed by him, and by the court if he is without means and so requests. No request was made and the court did not exercise the humane power of providing the boy with counsel.

The prosecuting attorney, by petition, informed the juvenile division of the probate court that defendant was under arrest for a felony and asked that court to waive jurisdiction and permit prosecution in a criminal proceeding. The probate judge recited in an order that, upon investigation, such a prosecution should be permitted and waived jurisdiction.

Under the circumstances here involved, considering the age of the boy, the felony alleged was wholly without the jurisdiction of the juvenile division of the probate court, *People* v. *Ross,* 235 Mich. 433, and the waiver required was but *pro forma.*

The record fully supports the waiver and the statute, Act No. 309, chap. 4, § 27, Pub. Acts 1931 (amending 3 Comp. Laws 1929, § 17161), relative thereto, was complied with. There is no merit in the point that defendant's confession could not be considered in determining the degree of the murder.

In *People* v. *Lytton, supra,* 313, it was said:

"The defendant insists that upon a trial for homicide perpetrated in the commission of another and independent felony (*People* v. *Moran,* 246 N. Y. 100 [158 N. E. 35]; Penal Law, § 1044, subd. 2), a confession is insufficient evidence to sustain a conviction, though there is corroborating evidence of the fact of the homicide, unless there is also corroborat-

ing evidence, *i. e.,* evidence apart from the confession, of the independent felony, and that the trial judge erred in charging to the contrary. * * *

"Code of criminal procedure, § 395, provides that a confession of a defendant 'is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.' The crime charged against this defendant is homicide, and the fact that a homicide has been committed is proved, without reference to a confession, by the testimony of eyewitnesses as well as by the discovery of the body, bearing tokens of a fatal wound (*People* v. *Deacons,* 109 N. Y. 374 [16 N. E. 676]; *People* v. *Brasch,* 193 N. Y. 46, 58 [85 N. E. 809]). This being done, the requirement of the criminal code must be held to have been satisfied. The danger that a crime may be confessed when no such crime in any degree has been committed by any one is then sufficiently averted. * * * The corroborating evidence being sufficient to confirm the confession of a homicide, the code does not require that it shall also confirm the confession of a homicide in any particular degree."

No claim is made by defendant, or any one in his behalf, that he was not guilty of the murder.. His confession of guilt and details of the killing remain unquestioned.

We quote the following from the opinion of the trial judge:

"Complaint is made that the respondent was not represented by an attorney when arraigned in this court.

"It is the duty of a court to see that all the rights of one charged with an offense are properly safeguarded. In the present case after the respondent's plea of guilty was entered, testimony was taken. The court also interrogated the respondent, all of

which was for the purpose of ascertaining if the plea should be accepted, and had it appeared to this court from these proceedings that the respondent's plea was not proper it would have been set aside and a plea of not guilty entered upon the court's own motion. This court also talked with the father and two sisters of the respondent before passing sentence. The following day an attorney of this city, Mr. Dean Face, requested the court to detain respondent until he could conduct a personal investigation. The request was granted. The respondent had been sentenced Wednesday afternoon. The following day was Thanksgiving Day. On the succeeding Friday and Saturday, Mr. Face conducted his investigation. He caused respondent to be examined by Dr. Robertson of the 'Ionia State Hospital that his mental condition might be determined, and it was not until the following Monday and after Mr. Face had advised the court that he had no further objections, that the respondent was taken to Jackson to begin his sentence.''

The constitutional provision, securing to an accused the right to have the assistance of counsel, is not at all applicable to this case.

In *People* v. *Williams,* 225 Mich. 133, two men, upon pleas of guilty, were sentenced and later moved the court to vacate their pleas, alleging that they did not have the assistance of counsel and, therefore, could not freely and intelligently act. We held:

''An accused is not entitled, as of right, to have counsel assigned by the court to advise him relative to his plea. The State Constitution, art. 2, § 19, secures to an accused the right 'to have counsel for his defense.' This does not mean he shall have counsel at public expense. It is a guaranty of right to employ and have counsel; a right not always rec-

ognized in early English criminal cases. Section 15623, 3 Comp. Laws 1915, also allows an accused to be heard by counsel. This is only declaratory of the right secured to an accused by the provision mentioned in the Constitution, and is on a par with the right to produce witnesses and proofs in his favor, but does not mean he shall have counsel at public expense. Section 15912, 3 Comp. Laws 1915, permits the court to appoint an attorney at public expense to conduct the defense of an accused when he is unable to procure counsel. This statute is permissive; its provisions require a showing of inability of an accused to procure counsel, and, as a rule, to which, of course, there may be exceptions, cannot be invoked by an accused until after plea and not at all under a plea of guilty."

If the action had was without error in point of law we cannot, and ought not, let a sense of what might better have been done move us to set aside the conviction.

We find no reversible error and the conviction is affirmed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with WIEST, J.

BUSHNELL, J. (*dissenting*). I am not satisfied as to the absence of reversible error. The record shows that the court said to the defendant: "You are only 15 years old and the court realizes that you are too young to fully and completely understand what you have done;" and yet the record nowhere discloses that anyone, either police officer, prosecutor, probate or superior court judge, advised this child of his constitutional rights, which rights belong to the guilty no less than to the innocent. That

one not yet 16, should be taken from school in the morning and before the setting of the sun, upon confession of guilt, be sentenced to life imprisonment, without the knowledge of his father, whose whereabouts were known to the officers, and without the benefit of counsel, does not, in my opinion, satisfy the requirement of what we term "due process of law."

We held in *People* v. *Williams*, 225 Mich. 133, that 3 Comp. Laws 1929, § 17486, is merely permissive and the accused has only a qualified right to have the court assign counsel at public expense, even though article 2, § 19, of the Constitution states:

"In every criminal prosecution, the accused shall have the right * * * to have the assistance of counsel for his defense."

But the essence of the law is reason, and while there is no showing that the defendant asked for counsel, we should consider his age and all the other facts and circumstances of the case. I am willing to say that the record justifies the conclusion that it is a denial of a constitutional right not to inform a 15-year old boy charged with murder, that he may have the benefit of counsel if he so desires. History furnishes the precedent for assigning counsel even when not requested by the accused. It was so done, I believe, for the murderers of Presidents Garfield and McKinley. Neither am I sure that the defendant fully understood the nature of his plea of guilty, and if he did not, how can we say it was properly accepted by the court. The guilty should not escape just punishment either because of the delays of the law or because of the improper use of what we call, in the absence of a better designation, the technicalities of the law. But neither should the constitu-

tional rights of even those who are admittedly guilty be sacrificed to establish what is perhaps a record for speedy justice. Such a trial is a travesty on justice and no just or humane result can be established by such action. Constitutional principles aside, the simplest principles of fairness and decency, summarized under the name of "justice," impose even a greater burden on courts and prosecutors when the accused is a minor than in other cases; there must be no doubt that the defendant understands his rights, including that of the aid and advice of counsel before his plea is accepted.

The defendant, through his father and deceased mother's cousin, filed a petition, the gist of which is, that he be permitted to withdraw his plea of guilty, that sentence be set aside and that his counsel on appeal be appointed to represent him in a new trial. In *People* v. *Pisoni,* 233 Mich. 462, 467, we said:

"When one is accused of crime and apprehended, the law contemplates that he will be given an opportunity to advise with counsel before and after being called upon to plead, and, further, that he will be given opportunity at reasonable times to consult with his family or relatives. While the trial court appears to have done his duty in respect to advising them of the nature of the accusation, and the effect of their pleas, his order to the sheriff prevented them from being accorded their constitutional rights to consult counsel."

And in that case we quoted from *City of Salina* v. *Cooper,* 45 Kan. 12 (25 Pac. 233), as follows:

"We think the court below, upon this showing, should have sustained the motion, and permitted the defendant to withdraw the former pleas of guilty

entered against him by the police judge. All fairness should be accorded to a defendant in a criminal case, in every stage of an examination or trial. No advantage should be taken on account of his being in court without counsel. It should always be one of the first duties of a court, where a defendant is charged with a crime and is about to be called upon to plead, to inquire whether he has or is able to procure counsel; and if not, and he desires it, to see that he has an attorney to represent him. When a plea of guilty has been entered against a defendant who is without counsel, and there is a question as to whether he intended to plead guilty, the court should permit the withdrawal of such plea in furtherance of the substantial rights of the defendant.''

In *People* v. *Merhige,* 212 Mich. 601, 612, where the defendant was not represented by counsel, we set aside a conviction of robbery, saying:

''It cannot be said that defendant voluntarily entered his plea of guilty, with full and perfect knowledge of the consequences of such a plea.''

We there referred to the collection of authorities in *Batchelor* v. *State,* 189 Ind. 69 (125 N. E. 773).

If this be the law with regard to the rights of those of mature age, how much more should the rights of minors be safeguarded? For, as said in *Tipton* v. *State,* 30 Okla. Crim. 56 (235 Pac. 259), where a 19-year old negro boy charged with felonious assault with a deadly weapon was sentenced within an hour or two after his arrest, without representation by or consultation with an attorney:

''But where, under such circumstances, a plea of guilty is entered, a defendant should be informed of his right to counsel at every stage of the proceedings—of his right to a preliminary and to make bond

if the charge is bailable. There should be no unseemly haste. Trifling with the court by entering and withdrawing pleas is not to be tolerated; but, under the record above recited, we believe it was an abuse of discretion to deny the defendant's request to withdraw his plea of guilty.''

The fact that the accused may be shown to be guilty does not justify denying him the opportunity to present a defense through counsel: *People* v. *Kurant,* 331 Ill. 470 (163 N. E. 411); *People* v. *Carzoli,* 340 Ill. 587 (173 N. E. 141).

Without prolonging this opinion by quotations, examination of the following authorities will show them to be applicable: *People* v. *McCrory,* 41 Cal. 458; *Gardner* v. *People,* 106 Ill. 76; *State* v. *Maresca,* 85 Conn. 509 (83 Atl. 635); *People* v. *Kleist,* 311 Ill. 179 (142 N. E. 486); *Miller* v. *State,* 160 Ark. 245 (254 S. W. 487) *State* v. *Oberst,* 127 Kan. 412 (273 Pac. 490); *Polk* v. *State,* 26 Okla. Crim. 283 (224 Pac. 194); *Mullen* v. *State,* 28 Okla. Crim. 218 (230 Pac. 285); *Cassidy* v. *State,* 201 Ind. 311 (168 N. E. 18, 66 A. L. R. 622); and annotations in 66 A. L. R. pp. 628–645. See, also, 20 A. L. R. 1445.

The cause should be remanded with instructions to the superior court of Grand Rapids to set aside the plea of guilty and judgment entered thereon and for further proceedings not inconsistent with this opinion.