PEOPLE *v.* MURPHY

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—PLEA OF GUILTY.
    A trial court may not accept the guilty plea of a criminal de-
    fendant without first having advised him of his right to be
    represented by counsel whether he can afford one or not (GCR
    1963, 785.3[1]).

2. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO ASSISTANCE OF COUN-
    SEL—VERIFICATION.
    There must be a record or other allegation and corroborative
    evidence showing that defendant was advised of his right to
    counsel before his plea of guilty was accepted in order to
    sustain the conviction on appeal.

Appeal from Wayne, Chester P. O'Hara, J. Sub-
mitted Division 1 June 4, 1969, at Detroit. (Docket
No. 5,646.) Decided June 24, 1969.

Paul Ramon Murphy was convicted, on his plea
of guilty, of breaking and entering a building in the
nighttime. Defendant appeals. Reversed and re-
manded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Paul Ramon Murphy, in propria persona.*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 486,

BEFORE: Holbrook, P. J., and McGregor and Bronson, JJ.

Per Curiam. Defendant appeals his conviction, based on his plea of guilty of breaking and entering in the nighttime. CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305); presently, MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305). He was sentenced to 2–1/2 to 15 years imprisonment on September 18, 1956, and paroled November 23, 1959. He was re-imprisoned August 16, 1964, escaped from Jackson Prison on November 11, 1964, and was returned to prison January 1, 1968.

At the arraignment on the information, the information was read to the defendant. He pled guilty to the crime as charged.

Defendant asserts that his guilty plea should be set aside because the trial judge failed to comply with the provisions of Court Rule 1945, 35A(1) (presently GCR 1963, 785.3(1)), in that he did not advise the defendant of his right to be assisted by counsel.

The record discloses that defendant was not advised of his right to assistance of counsel either before or after the time he was required to enter his plea. A record must show, or there must be an allegation and corroborative evidence, that an accused was informed of his right to counsel, before the trial court accepted his guilty plea. *Carnley* v. *Cochran* (1962), 369 US 506 (8 L Ed 2d 70, 82 S Ct 884); *People* v. *Dunn* (1968), 380 Mich 693.

The trial judge erroneously failed to inform defendant of his right to counsel before accepting his plea of guilty.

Reversed. New trial ordered.