# PEOPLE v. CARSON

1. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL.

   One accused of a felony has a federal constitutional right to be represented by counsel, and, if indigent, to have counsel appointed at government expense.

2. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—WAIVER —RECORD.

   The right to assistance of counsel may be waived but defendant's knowledge of the right to assistance of counsel and his waiver of it must appear affirmatively in the record.

3. CONSTITUTIONAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL— APPLICATION TO STATES—RETROACTIVE APPLICATION.

   The constitutional right of an accused to be represented by counsel and to have counsel appointed at public expense if he is indigent applies to the states through the Fourteenth Amendment and retroactively to cases where conviction became final before announcement of the right.

4. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—GUILTY PLEA.

   An accused, convicted of a felony on his plea of guilty, who is not advised of the right to assistance of counsel and did not waive the right, is entitled to have his conviction and guilty plea set aside.

5. CRIMINAL LAW—PLEA OF GUILTY—ASSISTANCE OF COUNSEL— WAIVER.

   Acceptance of a guilty plea to the charge of murder in 1934 from a defendant not represented by counsel who alleges on

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6, 7]  21 Am Jur 2d, Criminal Law § 318 *et seq.*
[4]  Plea of guilty without advice of counsel.  149 ALR 1403.
[5]  21 Am Jur 2d, Criminal Law § 316 *et seq.*
[8]  4 Am Jur 2d, Appeal and Error § 404 *et seq.*
[9, 10]  21 Am Jur 2d, Criminal Law § 488.
[11]  21 Am Jur 2d, Criminal Law §§ 316, 317.

(1)

appeal that he was not informed of his right to assistance of counsel when the plea was made and where the available record does not affirmatively show that defendant was advised of the right nor that he waived it constitutes reversible error as the Court of Appeals is persuaded that, by the general practices observed in 1934, when trial courts were not required to inform an accused of his right to assistance of counsel or to have appointed counsel if indigent, when the appointment of counsel was discretionary with the court and one who pled guilty was not entitled to appointed counsel, that defendant was not advised of his right to assistance of counsel (MCLA § 750.316).

6. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—DUTY OF COURT.

Trial courts are now required to advise an accused of his right to be assisted by counsel.

7. CRIMINAL LAW—PLEA OF GUILTY—REGULARITY—ASSISTANCE OF COUNSEL.

The presumption of regularity does not justify an assumption that something was done that was not required to be, and ordinarily was not, done; a trial judge, taking a plea of guilty in 1934, cannot be presumed to have informed the accused of his right to assistance of counsel where the presumption of regularity supports an assumption that, if the trial judge conformed to the standard existing at the time he acted, he would not have informed defendant of the right to assistance of counsel.

8. CRIMINAL LAW—CONVICTION—APPELLATE REVIEW—ABSENCE OF TRANSCRIPT.

Unavailability of the transcript of the proceedings at which an accused was convicted does not necessarily affect the validity of his conviction; where the state, after good faith effort, cannot physically supply a transcript, the defendant is not automatically entitled to a new trial but he may offer proof in support of his assertions as to what happened when he was convicted.

9. CRIMINAL LAW—PLEA OF GUILTY—ASSISTANCE OF COUNSEL—REVIEW—ABSENCE OF RECORD.

Conviction on plea of guilty to murder in 1934 where the record shows that the defendant did not have assistance of counsel at the degree hearing and there is no transcript of

the guilty plea proceeding raises a presumption that petitioner was denied his right to assistance of counsel (MCLA § 750 .316).

10. CRIMINAL LAW—PLEA OF GUILTY—ASSISTANCE OF COUNSEL— DEFENDANT'S KNOWLEDGE.

Allegation that defendant, convicted on his plea of guilty to murder in 1934 knew, without being informed, from his prior experience with the law, of his right to be assisted by counsel and that he could obtain appointed counsel upon request is erroneous where no indication of defendant's knowledge of his right to assistance of counsel nor his waiver appears in the record and it is doubtful that an accused's knowledge, not on record, coupled with his silence, can ever constitute an affirmative waiver and where defendant's prior experience with the law might well have led him to believe that one who pleads guilty does so without counsel.

11. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—WAIVER —RECORD.

Waiver of right to counsel may not be presumed from a silent record; a right cannot be waived where there is no showing that the accused was aware of the right.

Appeal from Ingham, Charles B. Collingwood, J. Submitted Division 2 March 4, 1969, at Lansing. (Docket No. 4,704.)    Decided August 27, 1969. Leave to appeal denied May 12, 1970.    See 383 Mich 780.

LeRoy Carson was convicted on his plea of guilty to first-degree murder.    Defendant appeals.    Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Gay S. Hardy,* for defendant.

Before: Gillis, P. J., and Levin and Bronson, JJ.

Levin, J. On December 6, 1934, the defendant pled guilty to an open charge of murder. At the statutory degree hearing[1] he was found guilty of first-degree murder.[2] The mandatory sentence of life imprisonment was imposed. He now appeals on leave granted from the denial of a motion for a new trial.[3]

The defendant's main contention is that he was not informed of and did not waive his constitutional right to be represented by counsel. The people concede that the defendant was not represented by counsel when he pled guilty in 1934.

There is no transcript of the 1934 guilty plea proceeding. The judge before whom the defendant appeared in 1934 and the court reporter are both dead. Without a transcript and without the testimony of those persons, in addition to the defendant, who were present when he pled guilty, we are handicapped in this inquiry concerning the truth of the defendant's assertion that the trial judge did not inform him of and he did not waive his right to counsel. For reasons which we will now relate, certain factors lead us to believe that it is more probable than not that the defendant in this case was not informed of his right to counsel.

The rapid expansion of federal constitutional guarantees to cover criminal trial proceedings in state courts is a relatively recent development. Pertinent to our present inquiry are a series of

[1] MCLA § 750.318 (Stat Ann 1954 Rev § 28.550).
[2] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).
[3] Here, as in *In re Palmer* (1963), 371 Mich 656, 660, the defendant was granted appellate review after decision in *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733), and after an earlier pre-*Gideon* post-conviction motion had been denied appellate consideration.

cases decided by the United States Supreme Court. Now, as a matter of federal constitutional right, one accused of committing a felony is entitled to be represented by counsel, and, if indigent, to the appointment of counsel at government expense.[4] This right may be waived by the defendant himself but his knowledge and waiver of the right must affirmatively appear in the record ("presuming waiver from a silent record is impermissible").[5] These requirements apply to the states through the Fourteenth Amendment[6] and apply retroactively to cases where conviction became final before announcement of these requirements.[7] Accordingly, if Carson was not advised of his right to counsel and did not waive that right before he pled guilty in 1934, he is now entitled to have his conviction and guilty plea set aside.

In 1934, a Michigan trial judge had no duty to inform an accused person that he had a right to be represented by counsel and, if he desired but could not afford counsel, that the court would appoint counsel for him at state expense. *People v. Williams* (1923), 225 Mich 133, 137, 138; *People v.*

---

[4] *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733); *Burgett* v. *Texas* (1967), 389 US 109, 114 (88 S Ct 258, 19 L Ed 2d 319). Holding that guilty pleaders have a constitutional right to counsel see *Davis* v. *United States* (CA 5, 1967), 376 F2d 535; *In re Palmer* (1963), 371 Mich 656; *Commonwealth* v. *Rundle* (1964), 415 Pa 515 (204 A2d 439, 442); *cf. Rice* v. *Olson* (1945), 324 US 786, 788, 789 (65 S Ct 989, 89 L Ed 1367).

[5] *Carnley* v. *Cochran* (1962), 369 US 506, 516 (82 S Ct 884, 8 L Ed 2d 70); *Burgett* v. *Texas, supra; Swenson* v. *Bosler* (1967), 386 US 258, 260 (87 S Ct 996, 18 L Ed 2d 33); also, see *People v. Dunn* (1968), 380 Mich 693, 698.

[6] See footnote 4.

[7] *Tehan* v. *Shott* (1966), 382 US 406, 416 (86 S Ct 459, 460, 15 L Ed 2d 453), reh den 383 US 931 (86 S Ct 925, 15 L Ed 2d 850); *Johnson* v. *New Jersey* (1966), 384 US 719, 727, 728 (86 S Ct 1772, 16 L Ed 2d 882); *Burgett* v. *Texas, supra; State* v. *Herbert* (1967), 108 NH 332 (235 A2d 524); *Commonwealth* v. *Rundle, supra*, p 441.

For a recent decision reiterating that the right to assigned counsel is retroactive see *McConnell* v. *Rhay* (1968), 393 US 2 (89 S Ct 32, 21 L Ed 2d 2).

*Crandell* (1935), 270 Mich 124, 126, 127. The initiative was placed on the indigent defendant to request counsel. *People* v. *Williams, supra,* p 138; *People* v. *Crandell, supra,* p 127; *People* v. *DeMeerleer* (1946), 313 Mich 548, 551; *In re Elliott* (1946), 315 Mich 662, 674. Even if a request was made the trial judge was not obliged to appoint counsel; appointment was discretionary. Indeed, it appears that one who planned to plead guilty was not "entitled" to have counsel appointed. *People* v. *Harris* (1934), 266 Mich 317, 318; *People* v. *Williams, supra,* p 138.

"The appointment of counsel is discretionary with the court and one who pleads guilty is not entitled to such appointment." *People* v. *Harris* (1934), 266 Mich 317, 318.

In 1947, following reversal of *People* v. *DeMeerleer* by the United States Supreme Court (*DeMeerleer* v. *Michigan* [1947], 329 US 663 [67 S Ct 596, 91 L Ed 584]), the Michigan Supreme Court promulgated Court Rule 35A (318 Mich xxxix) which required that the trial court advise the accused of his right to counsel. The new rule was regarded by one commentator to constitute a departure from "the established Michigan practice." Honigman, Michigan Court Rules Annotated (1949), p 363.[8]

We are persuaded on the evidence before us that if the trial judge in this case conformed to the general 1934 practice, he would not have informed the defendant of his right to counsel.[9] Accordingly, because there is a strong probability that the defendant was not informed of that right, we have

---

[8] See *People* v. *Whitsitt* (1960), 359 Mich 656, 662, recognizing that the new rule overruled *People* v. *Crandell, supra.*

[9] See, also, *In re Palmer* (1963), 371 Mich 656, discussed below, which further illustrates the pre-rule 35A practice. Palmer pled guilty without counsel in 1942. The record showed he was not advised of his right to counsel.

decided to credit his assertion that he was not so informed and did not waive the right to counsel before he pled guilty.

The people in this case argue that a presumption of regularity protects the 1934 guilty plea proceeding.[10]   However, the presumption of regularity allows us to presume only that a trial judge conformed to the standard extant at the time he acted, not, as the people argue, that the 1934 trial judge anticipated and conformed to subsequent constitutional and court rule developments.

The presumption of regularity does not justify our assuming that something was done that was not required to be, and ordinarily was not, done. Rather the presumption of regularity supports the defendant's assertion; it is more probable that a trial judge taking a guilty plea in 1934 did not inform an accused person of his right to counsel.

We do not mean to be understood as saying that the unavailability of the transcript of the proceedings at which an accused person was convicted necessarily affects the validity of his conviction.   The failure of the state to provide a transcript when, after good faith effort, it cannot physically do so, does not automatically entitle a defendant to a new trial.   *Norvell* v. *Illinois* (1963), 373 US 420 (83 S Ct 1366, 10 L Ed 2d 456), *reh den* 375 US 870 (84 S Ct 27, 11 L Ed 2d 99) ; *United States, ex rel. Smart,* v. *Pate* (CA 7, 1963), 318 F2d 559, 562 ; contrast *United States* v. *Randolph* (CA 7, 1958), 259 F2d 215.   We

---

10 "Doubts should be resolved in favor of the integrity, competence and proper performance of their official duties by the judge and the State's attorney. * * * If any presumption is to be indulged it should be one of regularity rather than of irregularity * * * Such a presumption of regularity indicates that the court constitutionally discharged rather than unconstitutionally disregarded its state and federal duties." *Bute* v. *Illinois* (1947), 333 US 640, 671, 672 (68 S Ct 763, 92 L Ed 987). The presumption of regularity has been recognized in Michigan. *People* v. *Auerbach* (1913), 176 Mich 23, 43.

hold, rather, that where there is no transcript the defendant may offer proof in support of his assertions of what occurred when he was convicted. *Taylor* v. *United States* (CA 10, 1952), 193 F2d 411. In this case the defendant is aided by the fact that the record shows that he did not have the assistance of counsel when he pled guilty or at the degree hearing and, by the rule of *Burgett* v. *Texas* (1967), 389 US 109, 114 (88 S Ct 258, 19 L Ed 2d 319), such a record raises "a presumption that petitioner was denied his right to counsel * * * , and therefore that his conviction was void."[11]

The people also argue that even if the defendant was not informed of his right to counsel, he was aware of this right from his prior experience with the law, and, therefore, he knew he could obtain the appointment of counsel upon request. We have already observed that the United States Supreme Court has held that the defendant's knowledge of his right to counsel and his waiver of that right must affirmatively appear on the record (*supra* at footnote 5); it is, therefore, to be doubted whether an accused person's knowledge not appearing on the record of his right to counsel coupled with his silence can ever constitute an affirmative waiver.[12] *People* v. *Dunn* (1968), 380 Mich 693, 698. We have also already observed that, even if the defendant had requested the appointment of counsel in the 1934

[11] *Cf. Trammel* v. *Page* (Okla Crim App, 1968), 444 P2d 472, and *Commonwealth* v. *Russell* (1968), 429 Pa 402 (240 A2d 559), rejecting a finding that counsel was offered the defendant based on testimony that it was the practice of the trial judge to do so because that testimony did not show that counsel was offered in the particular case before the court. But see *State* v. *Herbert, supra,* where a finding against the defendant based on testimony that it was the practice of the trial judge to inquire whether counsel was desired was rejected because it was not asserted that it was the practice of the trial judge to offer assigned counsel if the defendant was indigent; similarly, see *Abercrombie* v. *State* (1967), 91 Idaho 586 (428 P2d 505).

[12] *Abercrombie* v. *State, supra,* p 514.

proceeding during which he pled guilty, the trial judge would not have been obliged to grant his request. *People* v. *Harris, supra.* Furthermore, while the defendant did have two prior experiences with the law, we are convinced that neither of them would have apprised him of his right to counsel when pleading guilty. On the contrary, his prior experience might well have led him to conclude that one who pleads guilty does so without the benefit of counsel.[13]

None of the recent opinions of the Michigan Supreme Court cited by the people (*People* v. *Hobdy* [1968], 380 Mich 686; *People* v. *Stearns* [1968], 380 Mich 704; *People* v. *Dunn, supra; People* v. *Winegar* [1968], 380 Mich 719) is dispositive of the issue before us. These cases concern the sufficiency of the information given by the trial judge to the accused regarding his right to counsel and whether the defendant's actions following an offer of counsel constituted a waiver of that right. Sufficiency of advice and waiver are not issues in the case now before us; we are concerned with the question of whether

---

13 In March, 1930, defendant Carson was charged with breaking and entering. At the arraignment the defendant, without the benefit of counsel, attempted to plead guilty. However, the plea was refused by the judge and the case was set for trial; an order was entered appointing counsel for the defendant. At the subsequent trial the defendant was acquitted.

In August, 1930, the defendant again was charged with breaking and entering. This time, however, his plea of guilty was accepted by the court, and he received a sentence of 3 to 5 years. He was not represented by counsel when his guilty plea was accepted.

At a 1952 hearing on an earlier delayed motion for a new trial the defendant asserted that he was told by the judge in 1934 that he did not need a lawyer if he was going to plead guilty. It is not inconceivable that such a representation was made to the defendant in view of the then existing procedures. It would not have been inconsistent with the defendant's pre-1934 experience if he had concluded that guilty pleaders are not entitled to representation by assigned counsel. Whenever he pled or attempted to plead guilty, he was without the assistance of counsel; in his experience, attorneys were only appointed for trials. The defendant's past court experience does not justify a conclusion that he was aware of his right to counsel when he pled guilty.

the defendant was informed at all of his right to counsel which is antecedent to the questions of sufficiency of advice and waiver.

None of the cited cases relates to a factual situation where nothing whatsoever was said regarding counsel. In one of them, *People* v. *Dunn, supra,* p 698, the Court stated its adherence to the principles that "waiver of counsel is impermissible from a silent record. * * * A right cannot be waived where there is no showing the accused was aware of the right."

The most analogous recent decision of the Michigan Supreme Court is *In re Palmer* (1963), 371 Mich 656, where the Court reversed the conviction of one who pled guilty in 1942 to second-degree murder on the ground that the record did not show that he had been advised of his right to counsel.[14]

Although it has been suggested that the precedential value of *Palmer* was limited by *People* v. *Hobdy,* we are satisfied that the holding in *Palmer* is still controlling in cases presenting analogous factual situations. *Hobdy, supra,* emphasized that (p 689):

"[I]t is not contended by defendant [Hobdy] that the circuit judge did not advise him of his *right* to retained counsel or to counsel at public expense if he were indigent." (Emphasis in original.)

Footnote 2 in *Hobdy* (p 689) reiterates the holding in *Palmer* in language pertinent to the present case:

"In *Palmer* the accused was never advised of his right to counsel, nor of his right to have counsel furnished at public expense if he were indigent. In that regard the constitutional error of the trial judge before whom Palmer was arraigned and subsequently sentenced duplicated that of each trial

[14] "We are, therefore, presented with a record void of any mention by the court of right to counsel, the absence of a request for counsel, and a plea of guilty." *In re Palmer, supra,* p 660.

judge when Johnson (*Johnson* v. *Zerbst* [1938], 304 US 458 [58 S Ct 1019, 82 L Ed 1461, 146 ALR 357]), Rice (*Rice* v. *Olson* [1945], 324 US 786 [65 S Ct 989, 89 L Ed 1367]), Carnley (*Carnley* v. *Cochran* [1962], 369 US 506 [82 S Ct 884, 8 L Ed 2d 70]) and Gideon (*Gideon* v. *Wainwright* [1963], 372 US 335 [83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733]) were arraigned and convicted without the aid of counsel."

For an opinion of our Court so interpreting *People* v. *Dunn,* see *People* v. *Murphy* (1969), 17 Mich App 677.

In summary, the defendant had the constitutional right to be informed of his right to counsel. There being no evidence in opposition to his assertion that he was not informed of and did not waive his right to counsel, and his claim being entirely consistent with the procedures in general application in 1934, which did not require that a judge inform an accused person of his right to counsel, we have credited defendant's assertion and set aside his plea of guilty and conviction.

Reversed and remanded for trial.

All concurred.