## PEOPLE v. ROBINSON

1. CRIMINAL LAW—NEW TRIAL—TRIAL TRANSCRIPTS—FAILURE TO PROVIDE TRANSCRIPT.

    Failure of the people to provide a transcript does not automatically entitle a defendant to a new trial where the people have made a good-faith effort to locate a transcript and none can be found.

2. OFFICERS—PRESUMPTION OF REGULARITY—REBUTTING PRESUMPTION.

    The presumption of regularity, that a public official discharged his public duty according to the dictates of his office, prevails in the absence of substantial proofs to the contrary.

3. CRIMINAL LAW—APPEAL AND ERROR—PRESUMPTION OF REGULARITY —EVIDENCE.

    Defendant's claims that he was not given statutory notice of his right to a jury trial on the issue of his 1957 commitment as a criminal sexual psychopath, that he was denied effective assistance of counsel in that no counsel was appointed for him until the day of the hearing, and that he was denied due process by the failure to adduce any testimony at the hearing were insufficient to rebut the combined force of the presumption of regularity and the people's proofs where defendant produced little evidence relying heavily upon the apparent gaps in the court's file even though the people failed to produce a transcript of the hearing, where the "gaps" in records and the inability to produce a transcript were due to defendant's having waited 12 years before making his first post-commitment motion.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 411–413.
    Inability to perfect record for appeal as ground for new trial. 13 ALR 102, supp. 16 ALR 1158, 107 ALR 603.
[2–4] 5 Am Jur 2d, Appeal and Error §§ 704, 895.

4. CRIMINAL LAW—APPEAL AND ERROR—BURDEN OF PROOF.
   A successful appeal by a defendant cannot be predicated on
   the contention that the people have the burden of proving
   that the lower court proceedings were proper.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 April 6, 1971, at Detroit. (Docket No. 9904). Decided April 29, 1971. Leave to appeal granted and remanded for further proceedings, 386 Mich 777.

Henry Robinson was convicted, on his plea of guilty, of assault and battery and was committed as a criminal sexual psychopath. Motions to vacate commitment order and plea of guilty denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

PER CURIAM. Charged with the crime of taking indecent liberties,[1] defendant's plea of guilty to the lesser included offense of assault and battery[2] was accepted in recorder's court on April 26, 1957. Pursuant to a petition properly presented by the prosecutor, proceedings were commenced under the criminal sexual psychopathic persons act,[3] since re-

---

[1] MCLA § 750.336 (Stat. Ann 1954 Rev § 28.568).
[2] MCLA § 750.81 (Stat Ann 1954 Rev § 28.276).
[3] MCLA § 780.501 *et seq.* (Stat Ann 1954 Rev § 28.967[1] *et seq.*).

pealed, which terminated with defendant's commitment to the state mental hospital in Ionia after a July 10, 1957, hearing. Motions presented to recorder's court to vacate the order of commitment and to set aside the guilty plea were denied by Judge Geraldine Bledsoe Ford on February 10, 1970. Leave for delayed appeal was granted by this Court on October 13, 1970.

Defendant raises four issues concerning the procedure utilized for his commitment under the criminal sexual psychopathic persons act, which the people in their brief correctly consolidate to three. We find them to be without merit.

Defendant offers his own affidavit and fragmentary proofs gleaned from an incomplete recorder's court file in support of his claims that: (1) he was not given statutory notice[4] of his right to a jury trial on the issue of his commitment; (2) he was denied effective assistance of counsel in that counsel was not appointed for him until the very day of the hearing; and (3) he was denied due process by the failure to adduce any testimony at the hearing. Defendant relies heavily upon the apparent "gaps" in the file and the failure of the people to produce a transcript of the hearing, both problems resulting from defendant's delaying 12 years before making his first post-commitment motion.

Preliminarily we note that the people have attempted to obtain a transcript of the hearing, but have been unsuccessful in locating it, although there has been an exhaustive search. Failure to provide a transcript when, after good faith effort, one cannot be found does not automatically entitle a defendant to a new trial. *People* v. *Carson* (1969), 19 Mich App 1.

---

4 MCLA § 780.505 (Stat Ann 1954 Rev § 28.967[5]).

Turning now to the merits of the three issues raised, we find that the sparse proofs offered by defendant on each issue are insufficient to rebut the combined force of the "presumption of regularity" and the people's proofs. Each contention advanced by defendant asks us to assume that the public officers whose duties included the fair treatment of this defendant before and during the 1957 hearing ignored those duties. In the absence of substantial proofs to the contrary, the "presumption of regularity" that each official discharged his public duty according to the dictates of his office is not overcome. *People* v. *Auerbach* (1913), 176 Mich 23, 43; *People* v. *Carson, supra; Bute* v. *Illinois* (1947), 333 US 640, 671, 672 (68 S Ct 763, 779; 92 L Ed 987, 1003).

Defendant cannot be successful on appeal by contending that the burden rests on the people to prove that the lower court proceedings were proper. He has made no showing of prejudice, nor has he presented compelling reasons for a redetermination of his status. In such case it is our duty to affirm.

Affirmed.