*In re* TROMBLEY.

1. HABEAS CORPUS—VALID SENTENCE—HABITUAL CRIMINAL.

Petitioner in habeas corpus proceedings who was sentenced for term of 14 to 28 years after having pleaded guilty to charge of uttering and publishing a forged order for payment of money, a charge for which the maximum penalty is 14 years, was not entitled to release on petition filed some 6 years later even if sentence imposed, a proper one under the third felony provision of the habitual criminal statute, were invalid, where the maximum term of legal sentence for the uttering and publishing charge has not expired (3 Comp. Laws 1929, § 17339; Act No. 328, § 249, Pub. Acts 1931).

2. CRIMINAL LAW—SUBSEQUENT VOID SENTENCE.

A void sentence as a third offender does not operate to vacate a proper sentence upon conviction for uttering and publishing a forged order for payment of money under which petitioner for habeas corpus had been committed (3 Comp. Laws 1929, § 17339; Act No. 328, § 249, Pub. Acts 1931).

3. SAME—HABITUAL CRIMINAL—RECORD—CERTIORARI.

On habeas corpus proceeding, finding of trial court that person convicted of uttering and publishing a forged order for payment of money had been duly arraigned and had pleaded guilty to supplemental information charging conviction of two previous offenses *held*, supported by record certified by the court on accompanying certiorari (3 Comp. Laws 1929, § 17339; Act No. 328, § 249, Pub. Acts 1931).

4. SAME—AMENDMENT OF SENTENCE—HABITUAL CRIMINAL.

Where record on certiorari accompanying writ of habeas corpus conclusively shows that defendant who had pleaded guilty to charge of uttering and publishing a forged order for payment of money also pleaded guilty to supplemental information charging him as a third offender, his motion to amend the sentence imposed, proper in its entirety only under the habitual criminal provision, was properly denied (3 Comp. Laws 1929, § 17339; Act No. 328, § 249, Pub. Acts 1931).

5. COURTS—ENTRY OF ORDER NUNC PRO TUNC.

A trial court has jurisdiction to enter an order *nunc pro tunc* curing the inadvertent defect in the clerk's entry in the record.

6. C<small>RIMINAL</small> L<small>AW</small>—C<small>OURTS</small>—E<small>NTRY OF</small> O<small>RDER</small> N<small>UNC</small> P<small>RO</small> T<small>UNC</small>—
S<small>ENTENCE</small>.
>  If determination of guilty was pronounced at time defendant
>  was sentenced, but clerk through inadvertence omitted to make
>  record thereof, entry of order *nunc pro tunc* cured defect and
>  validated sentence imposed.

7. S<small>AME</small>—C<small>OURT</small>  J<small>OURNAL</small>—C<small>OMMITMENT</small>  P<small>APERS</small>—C<small>ORRECTION OF</small>
M<small>INISTERIAL</small> E<small>RRORS</small>.
>  Ministerial errors in court journal and commitment papers which
>  should and could have been corrected by the circuit court had
>  they been seasonably brought to its attention may be cor-
>  rected pursuant to direction of Supreme Court under its con-
>  stitutional power and by order *nunc pro tunc* the record made
>  to speak the judicial determination of the conviction and
>  grounds for sentence imposed.

8. S<small>AME</small>—O<small>RDER</small> N<small>UNC</small> P<small>RO</small> T<small>UNC</small>—C<small>OMMITMENT</small>.
>  Where subsequent to trial court's denial of defendant's motion
>  to amend sentence, which motion was made after defendant
>  had served over 5 years of a 14-to-28-year sentence, the court
>  granted the prosecuting attorney's petition to amend journal
>  entry so as to correct it and show that defendant who had
>  pleaded guilty to charge of uttering and publishing a forged
>  order for the payment of money had also been convicted as a
>  third offender under the habitual criminal act, a proper com-
>  mitment is ordered issued and forwarded to warden of prison
>  to which defendant had been committed (3 Comp. Laws 1929,
>  § 17339; Act No. 328, § 249, Pub. Acts 1931).

Habeas corpus by Louis Trombley with accom-
panying certiorari to Macomb Circuit Court to
obtain release from State Prison of Southern Mich-
igan.    Submitted June 26, 1945.    (Calendar No.
43,053.)   Release denied December 3, 1945.   Cer-
tiorari denied by Supreme Court of the United
States April 22, 1946.

*Louis Trombley, in pro. per.*

*John R. Dethmers,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, and *Wilbur F. Held,*
Prosecuting Attorney, for the people.

BOYLES, J. We granted petitioner the writ of habeas corpus together with ancillary writ of certiorari to the circuit court for Macomb county to inquire into the legality of petitioner's detention in the State prison of southern Michigan. Returns to the writs have been made.

On September 19, 1939, petitioner pleaded guilty in the circuit court for Macomb county to a charge of uttering and publishing a forged order for payment of money. The maximum punishment for such offense is by imprisonment in the State prison for not more than 14 years. Act No. 328, § 249, Pub. Acts 1931 (penal code) (Comp. Laws Supp. 1940, § 17115–249, Stat. Ann. § 28.446). The court accepted the plea and remanded petitioner to jail to await sentence.

On September 23, 1939, a secondary information was filed in said court by the prosecuting attorney charging petitioner with having previously been twice convicted of a felony wherefore petitioner was charged with having committed a third felony, under the provisions of code of criminal procedure, chap. 9, § 11, as amended, being 3 Comp. Laws 1929, § 17339 (Stat. Ann. § 28.1083). Petitioner denies that he pleaded guilty to this charge. The record shows that petitioner on said date was sentenced to imprisonment in the State prison for a period not exceeding 28 years and not less than 14 years. The clerk of the court in entering the judgment and sentence of the court recited that petitioner had been convicted upon his plea of guilty "of the crime of uttering and publishing," although the judgment of sentence was entered "for the minimum term of 14 years and the maximum term of 28 years." This would be a proper sentence under the third felony provision, *supra*. Commitment followed.

In January, 1945, petitioner filed in the circuit court for Macomb county a motion to amend sentence, reciting that he had not pleaded guilty as a third offender and that petitioner's sentence was excessive for the crime of uttering and publishing for which he stood convicted, the maximum legal sentence therefor being 14 years. On hearing, the court entered a finding and order that petitioner on September 23, 1939, had pleaded guilty to the secondary information filed on that date and that the sentence for a third felony was valid and legal. The motion to amend the sentence was denied. Subsequently the prosecuting attorney petitioned the court for an amendment of the journal entry and that an order be entered *nunc pro tunc* to correct the same. This petition was granted and an order entered reciting that petitioner had been convicted as a third offender.

Petitioner would not be entitled to release at this time on his petition for the writ of habeas corpus. The maximum term of legal sentence for the offense of uttering and publishing, 14 years, has not expired. Even if the sentence as a third offender were void, this fact would not operate to vacate a proper sentence upon conviction for uttering and publishing. *In re Dudney,* 303 Mich. 402.

We have examined the record of proceedings certified by the circuit court for Macomb county on return to the writ of certiorari and find that the record fully supports the finding of the sentencing court that petitioner was duly arraigned on September 23, 1939, on the supplemental information and pleaded guilty thereto. The return to the writ conclusively shows that petitioner pleaded guilty to the supplemental information charging conviction of two previous felonies. Petitioner's motion to amend sentence was properly denied.

The court had jurisdiction to enter an order *nunc pro tunc* curing the inadvertent defect in the clerk's entry in the record.

"If determination of guilty was pronounced at time defendant was sentenced, but clerk through inadvertence omitted to make record thereof, entry of order *nunc pro tunc* cured defect and validated sentence imposed." *In re Curtis* (syllabus), 264 Mich. 431.

"Ministerial errors in court journal and commitment papers which should and could have been corrected by the circuit court had they been seasonably brought to its attention may be corrected pursuant to direction of Supreme Court under its constitutional power and by order *nunc pro tunc* the record made to speak the judicial determination of the conviction and grounds for sentence imposed." *In re Rogers* (syllabus), 308 Mich. 392.

If not already done, a proper commitment may be issued by the circuit court and forwarded to the warden. The writs are dismissed.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.

The late Justice WIEST took no part in the decision of this case.