*In re* ELLIOTT.

1. CRIMINAL LAW—ACCUSED ENTITLED TO COUNSEL.
   One charged with crime has a constitutional right to have the assistance of legal counsel for his defense (Const. 1908, art. 2, § 19).

   SAME—ACCUSED NOT ENTITLED TO COUNSEL BEFORE PLEADING.
   An accused is not entitled, as of right, to have counsel assigned by the court to advise him relative to his plea.

3. SAME—ACCUSED'S RIGHT TO HAVE COUNSEL—CONSTITUTIONAL LAW —STATUTES.
   Although the Constitution secures to an accused the right to have counsel for his defense, it does not mean that he shall have it at public expense, but is a guaranty of the right to employ and have counsel, a right not always recognized in early English cases, the statute allowing accused the right to be heard by counsel being but declaratory of his constitutional right and not meaning he shall have counsel at public expense (Const. 1908, art. 2, § 19; 3 Comp. Laws 1929, § 17129).

4. SAME—ACCUSED'S RIGHT TO HAVE COUNSEL—STATUTES—PUBLIC EXPENSE.
   The statutory right of an accused to have counsel at public expense is permissive in nature, requires a showing of inability

of accused to procure counsel, and may be invoked only after plea, but may not be invoked at all under a plea of guilty (3 Comp. Laws 1929, § 17486).

5. HABEAS CORPUS—QUESTIONS REVIEWABLE—JURISDICTION.
   Habeas corpus is not a substitute for writ of error to inquire into the regularity of the trial and conviction, the question on habeas corpus being solely one of jurisdiction of the court to enter the judgment of conviction and sentence.

6. SAME—ACCOMPANYING WRIT OF CERTIORARI—APPEAL AND ERROR.
   Function of accompanying writ of certiorari is to supply material for determination of jurisdiction on habeas corpus, not to be a substitute for writ of error or to change scope of review.

7. SAME—DISCHARGE—RECORD—ACCUSED'S RIGHT TO HAVE COUNSEL.
   Release of prisoner on writ of habeas corpus for which petition was filed more than 15 years after he had pleaded guilty *held*, not justified because of alleged denial of right to be represented by counsel, under record showing that petitioner had been duly arraigned in circuit court on charge of robbery armed, made no request for counsel, entered a voluntary plea of guilty which was freely and understandingly made, that sentence was later imposed, and that petitioner did not at any time make any request to be allowed counsel or to change his plea (Const. 1908, art. 2, § 19; 3 Comp. Laws 1929, § 17129).

8. CRIMINAL LAW—PRELIMINARY EXAMINATION—BINDING OVER FOR TRIAL—JURISDICTION—INDICTMENT AND INFORMATION.
   Upon the filing in the circuit court of the return of the magistrate, before whom an accused has waived preliminary examination, binding the accused over to the circuit court for trial, the prosecuting attorney then had the duty to file an information or to file a statement of reasons for failure to file such information if he determined that an information ought not to be filed, in which event the court might direct him to file the proper information and bring the case to trial (3 Comp. Laws 1929, §§ 17205, 17254, 17255).

9. SAME—JURISDICTION OF CIRCUIT COURT—VOID INFORMATION.
   The circuit court does not lose jurisdiction over an accused bound over to it for trial, where a void or improper information is filed.

10. INDICTMENT AND INFORMATION—VERIFICATION—STATUTES.
    Where it appears accused was arraigned in circuit court by the prosecuting attorney, that in open court the latter read the information to accused, wherein he was charged with crime

of robbery armed, to which he pleaded guilty, release on habeas corpus may not be had after lapse of 15 years because information was not signed and verified as required by statute, where statute, at time unverified typewritten information was filed no longer required the prosecuting attorney to verify the same (3 Comp. Laws 1929, § 17254).

11. CRIMINAL LAW—CORRECTION OF MINISTERIAL ERRORS.

Under the constitutional powers of the Supreme Court and the statute of amendments, ministerial errors may be corrected (Const. 1908, art. 7, § 4; 3 Comp. Laws 1929, § 17290).

12. INDICTMENT AND INFORMATION—TYPEWRITTEN SIGNATURE OF PROSECUTING ATTORNEY.

Where an accused has been duly bound over to the circuit court for trial, that court had jurisdiction of him for such purpose and the mere fact that the prosecuting attorney's signature appears as typewritten in the information is not a defect which should result in release of the defendant on subsequent writ of habeas corpus, in the absence of any further showing that the information was not personally prepared and filed by the then-prosecuting attorney (3 Comp. Laws 1929, § 17290).

13. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT.

The examination of an accused made by a circuit judge before accepting a plea of guilty is not required to be made in a private interview but may be made in open court (3 Comp. Laws 1929, § 17328).

14. SAME—PRINCIPALS AND ACCESSORIES—ADMISSIONS.

One who admits that he was an accessory in the commission of the crime of robbery armed, in legal effect, admits guilt, under statute abolishing the distinction between accessory and principal (3 Comp. Laws 1929, § 17253).

Habeas corpus with ancillary writ of certiorari to inquire into the detention of Fred Elliott by the warden of the branch of the State prison at Marquette. Submitted July 22, 1946. (Calendar No. 43,057.) Writ denied October 7, 1946. Certiorari denied by Supreme Court of the United States March 17, 1947.

*Fred Elliott,* in proper.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara*

and *Perry A. Maynard,* Assistants Attorney General, for the people.

BOYLES, J. In April, 1945, we granted one Fred Elliott the writ of habeas corpus directed to the warden of the branch of the State prison at Marquette to inquire into the legality of his detention in said prison, together with ancillary writs of certiorari to the circuit court for Antrim county and the bureau of pardons and paroles to certify to this court their records and proceedings in relation to such detention. Returns to these writs have been made. Subsequently, on petition of the attorney general, this matter was referred to Hon. Ward I. Waller, circuit judge for said county of Antrim, to take testimony and report his findings, together with a transcript of such testimony, in relation to the allegations in the petition on which said writs were issued. Such testimony has been taken and filed here, consisting of 99 pages in the transcript, showing that the petitioner was present in person and participated at the taking thereof. The findings of Judge Waller thereon have also been filed.

It appears that on June 13, 1930, Fred Elliott was sentenced to be confined for life in the Michigan State prison at Jackson (now called the State Prison of Southern Michigan) upon a plea of guilty of the crime of robbery armed; that on December 21, 1932, he was transferred to the branch prison at Marquette, re-transferred to the State Prison of Southern Michigan in 1941, transferred back to the branch prison in Marquette in 1943, and that he is now serving a life sentence in said branch prison by virtue of a commitment and the transfers referred to. Any question in the instant proceedings regarding the legality of such transfers is not now

pursued by petitioner. We overlook the rule often repeated here that the writ of habeas corpus cannot be used as a writ of error or claim of appeal from the judgment or sentence of the court. The grounds on which petitioner seeks to be discharged from custody will be considered on the merits.

The petitioner seeks his release from confinement on the following grounds: (1) That this sentence and detention are unlawful because he was sentenced without advice of counsel or having waived that right; (2) that the various instruments (papers) in the criminal proceeding were not signed; and (3) that the sentencing court did not conduct the investigation required by statute before accepting his plea of guilty.

The fundamental law of this State has long recognized the right of one charged with crime to have the assistance of legal counsel for his defense.

"In every criminal prosecution, the accused shall have the right * * * to have the assistance of counsel for his defense." Const. (1908), art. 2, § 19.

This declaration is not a recent innovation in our fundamental law. In practically identical language it was a part of the first Michigan State Constitution (1835), art. 1, § 10, and was carried down into the Constitution of 1908 through article 6, § 28, of the Michigan Constitution of 1850. Also, before Michigan became a State, the right of an accused person to have counsel was recognized by the territorial laws applicable to this Territory, adopted by the Governor and Judges of the Territory of Michigan. 1 Michigan Territorial Laws, p. 595 (section 22 of "An act regulating proceedings in criminal cases," enacted by the Governor and Judges, May 11, 1820). See, also, 3 Michigan Territorial

Laws (1833), § 22, p. 1146. Beginning not later than 1846, likewise the statute law of this State has been enacted in consonance with the foregoing constitutional provision and the Territorial laws. Section 1, chap. 151, Revised Statutes 1846, provided:

"On the trial of every indictment, or other criminal accusation, the party accused shall be allowed to be heard by counsel, and he may defend himself, and he shall have a right to produce witnesses and proofs in his favor, and to meet the witnesses who are produced against him face to face."

In identical language this statutory provision has been brought down into the present code of criminal procedure (Act No. 175, Pub. Acts 1927 [3 Comp. Laws 1929, § 17129 (Stat. Ann. § 28.854)]). See 2 Comp. Laws 1857, § 5704; 2 Comp. Laws 1871, § 7503; 2 How. (1882) § 9068; 3 Comp. Laws 1897, § 11796; 3 Comp. Laws 1915, § 15623.

A companion statutory provision was enacted in 1857 (Act No. 109, § 1, Laws of Michigan 1857 [2 Comp. Laws 1857, § 5675]). It provided:

"That an attorney appointed by a court to defend a person indicted for any offence on account of such person being unable to procure counsel, shall be entitled to receive from the county treasury, on the certificate of the presiding judge that such services have been duly rendered, one of the following fees."

In substance this provision has been continued in the statute law * and is now a part of the code of criminal procedure, *supra* (3 Comp. Laws 1929, § 17486 [Stat. Ann. § 28.1253]), which now provides:

"Whenever any person charged with having committed any felony or misdemeanor shall be unable

---

* 2 Comp. Laws 1857, § 5675; 2 Comp. Laws 1871, § 7471; 2 How. (1882) § 9046; 3 Comp. Laws 1897, § 12018; 3 Comp. Laws 1915, § 15912.

to procure counsel, and the presiding judge shall appoint some attorney to conduct the defense, the attorney so appointed shall be entitled to receive from the county treasurer on the certificate of the presiding judge that such services have been duly rendered, such an amount as the presiding judge shall in his discretion deem reasonable compensation for the services performed."

In comparatively recent years these constitutional and statutory provisions have been considered and construed by this court. These decisions stem from the language written by the late Mr. Justice Wiest, in *People* v. *Williams,* 225 Mich. 133, 137, 138:

"An accused is not entitled, as of right, to have counsel assigned by the court to advise him relative to his plea. The State Constitution, art. 2, § 19, secures to an accused the right 'to have counsel for his defense.' This does not mean he shall have counsel at public expense. It is a guaranty of right to employ and have counsel; a right not always recognized in early English criminal cases. Section 15623, 3 Comp. Laws 1915, also allows an accused to be heard by counsel. This is only declaratory of the right secured to an accused by the provision mentioned in the Constitution, and is on a par with the right to produce witnesses and proofs in his favor, but does not mean he shall have counsel at public expense. Section 15912, 3 Comp. Laws 1915, permits the court to appoint an attorney at public expense to conduct the defense of an accused when he is unable to procure counsel. This statute is permissive; its provisions require a showing of inability of an accused to procure counsel, and, as a rule, to which, of course, there may be exceptions, cannot be invoked by an accused until after plea and not at all under a plea of guilty. The record discloses no application by defendants for counsel during the period their pleas of not guilty stood, or at any other time, and there is no merit in the claim

that counsel should have been appointed to represent them.''

In *People* v. *Pisoni,* 233 Mich. 462, on April 11, 1924, the defendants pleaded guilty to a violation of the prohibition law. The next day, *before sentence,* the circuit judge refused to allow counsel to see the defendants, explaining ''that the defendants had pleaded guilty and no one could see them lest they changed their pleas to 'not guilty' and put the county to the expense of a trial.'' Four days later the defendants in open court, again *before sentence,* asked to change their pleas to not guilty. They were again denied the right to have counsel of their own choice, or change their pleas, and sentenced. On appeal, the sentences quite properly were set aside, on the ground that the circuit judge should have allowed the defendants the right to have counsel, and to change their plea before sentence. This case follows *People* v. *Merhige,* 212 Mich. 601, which is here relied upon by petitioner. These decisions do not control the instant case wherein the petitioner now seeks his release by habeas corpus some 15 years after his conviction by a plea of guilty, and where no request for counsel or to change his plea was made before or at the time of sentence.

In *People* v. *Harris,* 266 Mich. 317 the court said (pp. 318, 320):

''This is habeas corpus, with ancillary writ of certiorari, to inquire into the legality of the confinement of defendant in the State prison at Jackson. Defendant contends:

''1. That the court refused to appoint proper counsel for him.

''The appointment of counsel is discretionary with the court and one who pleads guilty is not entitled to such appointment. *People* v. *Williams,* 225 Mich. 133.　*　*　*

"Habeas corpus is not a substitute for writ of error to inquire into the regularity of the trial and conviction. On habeas corpus the question is solely one of jurisdiction of the court to enter the judgment of conviction and sentence. *In re Gardner,* 260 Mich. 122; *In re Lamanna,* 263 Mich. 62. Without accompanying writ of certiorari, the question would be determined from the face of the records. The accompanying writ of certiorari is merely ancillary, not to be a substitute for writ of error nor to change the scope of review on habeas corpus but to supply material for determination of jurisdiction. *In re Gardner, supra; In re Moynahan,* 255 Mich. 497."

In *People* v. *Crandell,* 270 Mich. 124, the defendant, charged with murder, petitioned the court *after sentence* on a plea of guilty to set aside the plea and sentence, and allow the defendant a trial with the assistance of counsel. Leave to appeal was granted from an order denying the petition, and on the appeal this court said (pp. 126, 127, 129):

"Before arraignment defendant made a written confession and, after plea, was examined by the judge and again confessed his crime and detailed the circumstances. Upon his plea the court examined witnesses; the written confession was placed in evidence and the court could do no less than sentence him to imprisonment for life for murder of the first degree. Act No. 328, § 316, Pub. Acts 1931.*

"No claim is made by defendant of coercion in obtaining the confession; neither does he now claim that the confession was not true.

"The procedure employed in the instance at bar was expeditious and might well, considering the age of the boy, have been less speedy and an opportunity afforded the father to be present but, if in accord

---

* Comp. Laws Supp. 1940, § 17115–316, Stat. Ann. § 28.548.—REPORTER.

with lawful action, we cannot set the same aside. The law affords an accused the benefit of counsel if he so desires; of his own selection if employed by him, and by the court if he is without means and so requests. No request was made and the court did not exercise the humane power of providing the boy with counsel. * * *

"The constitutional provision, securing to an accused the right to have the assistance of counsel, is not at all applicable to this case."

In *People* v. *Fries,* 294 Mich. 382, Mr. Justice NORTH, writing for the court, said (p. 384):

"The two reasons urged in support of the motion for a new trial were (1) that defendant was not represented by counsel at the time he pleaded guilty and was sentenced, and (2) that he did not have mental capacity to comprehend or be capable of committing the crime with which he was charged or to understand that he was pleading guilty to the charge made against him. * * * It was also asserted in support of the motion that because defendant had 'impaired hearing and was unable to hear or understand the court proceedings' his sentence and plea of guilty should be set aside.

"Our review of this record fails to disclose any valid reason for reversing the circuit judge's order denying a new trial. It appears that defendant waived examination before the magistrate, and when subsequently arraigned in circuit court he voluntarily and knowingly entered his plea of guilty. He neither intimated a desire for aid of counsel nor were any unusual circumstances disclosed which indicated a duty on the part of the court to appoint counsel for defendant. Under such circumstances accepting defendant's plea of guilty and passing sentence without appointing counsel for him was not error."

In *People* v. *John Haddad,* 306 Mich. 556, the court said (p. 560):

"Defendant's other claim of error refers to his failure to be represented by counsel. He had ample time and opportunity to have counsel. At the time of arraignment and for some time thereafter, the defendant was represented by counsel, who withdrew. The court's offer to provide counsel, as early as the October term, was refused. At no time did the defendant request the appointment of counsel by the court. An accused person has the right to have counsel for defense. Michigan Const. (1908), art. 2, § 19. This does not mean at public expense, but is a guarantee of the right of the accused. *People* v. *Williams,* 225 Mich. 133; *People* v. *Crandell,* 270 Mich. 124. Had the defendant so requested, the court might and apparently would have appointed counsel for him. 3 Comp. Laws 1929, § 17486 (Stat. Ann. § 28.1253). The defendant had the right to appear and defend himself against the accusation, *in propria personam,* and voluntarily pursued that course. He cannot now successfully claim reversible error because he did so."

In *People* v. *DeMeerleer* (1946), 313 Mich. 548, the defendant in open court pleaded guilty to the crime of murder. On appeal, the judgment and sentence were affirmed. The court said (pp. 551, 552, 553):

"Neither Scott nor DeMeerleer (the appellant) were represented by counsel, nor did they request the court to permit them to confer with counsel, or have counsel appointed for them.

"In November of 1944, DeMeerleer, in his own proper person, filed a motion, 'asking leave to file a delayed motion to withdraw his plea of guilty and for an order to vacate the judgment and sentence, permitting of a new trial.' The trial judge filed a written opinion on November 24, 1944, and denied this motion.   *   *   *

"We granted defendant's application for leave to appeal from the sentence entered on May 16, 1932,

in which application DeMeerleer asserted the following grounds and reasons for appeal:    *   *   *

" '3. That the court erred in sentencing defendant-appellant on May 16, 1932, where the court had effectively denied defendant his right to a public trial by an impartial jury and assistance of counsel, all as guaranteed defendant under article 14 of the United States Constitution and sections 12, 13, and 19 of article 2 of the Michigan Constitution (1908).'

"In appellant's brief the following questions are proposed:    *   *   *

" '4. Was defendant-appellant denied at the time of sentence and prior thereto his constitutional right to representation by counsel, a public trial and orderly and due process of law?'

"It should be noted that at no stage of the proceedings from 1932 to the present time has DeMeerleer denied the killing of Brown.

"We are mindful of the expressions of the supreme court of the United States in the recent case of *Hawk* v. *Olson,* decided November 13, 1945, 326 U. S. 271 (66 Sup. Ct. 116, 90 L. Ed. 61), and the authorities therein cited."

The court, after quoting from *People* v. *Williams,* 225 Mich. 133, *supra,* and citing other cases hereinbefore discussed, concluded (pp. 554, 555):

"Our examination of the record requires the conclusion that DeMeerleer freely and voluntarily pleaded guilty to the charge of murder at the time the court sentenced him to life imprisonment, and, therefore, the court did not err in such sentence. Nor was he denied any constitutional right of representation, a public trial, or orderly and due process of law."

The returns to the writs issued in the case now before us, together with the records of the sentenc-

ing court and the testimony taken before Judge Waller, are convincing that the petitioner was duly arraigned in the circuit court on the charge of robbery armed, made no request for counsel, entered a voluntary plea of guilty which was freely and understandingly made, that sentence was later imposed, and that petitioner did not at any time make any request to be allowed counsel or to change his plea. More than 15 years have now elapsed since he pleaded guilty and was sentenced. We find nothing in this record that would justify the release of the petitioner on the ground that he was denied the right to be represented by counsel.

Two other grounds are urged by the petitioner for release which are not raised in his original petition but are discussed in petitioner's brief, a "supplemental" brief, or finally in a "counter" brief. After the taking of testimony by Judge Waller on the reference, petitioner for the first time now raises an issue that the "warrant, bill of information, or any other means of procedure under the statutes of Michigan   *   *   *   bear no genuine signatures thereupon." The record does not support his claim. A complaint on oath and in writing, signed and sworn to by the sheriff of Antrim county, was filed with a justice of the peace in said county charging that the petitioner and three others, being armed, robbed a bank in said county; a warrant in writing, signed by the justice of the peace, was issued; the sheriff returned the warrant, with a signed return showing the petitioner in custody and before the magistrate; the justice of the peace filed in the circuit court a signed return, showing that petitioner had waived examination, binding him over to the circuit court for trial. The information filed by the prosecuting attorney, including the signature and the verification of the prosecuting attorney to

the information, is typewritten and is not otherwise signed in handwriting. The then-prosecuting attorney is now deceased. It does not appear whether the prosecutor himself prepared and typed the typewritten information, including the typing of his signature. Petitioner was arraigned in open court and the information read to him by the then-prosecuting attorney. The circuit court had jurisdiction of the defendant upon the filing in the circuit court of the return of the magistrate before whom petitioner had waived preliminary examination, binding the defendant over to the circuit court for trial. 3 Comp. Laws 1929, § 17205 (Stat. Ann. § 28.931). It then became the duty of the prosecuting attorney to file an information (3 Comp. Laws 1929, § 17254 [Stat. Ann. § 28.980]), or to file a statement of reasons for failure to file such information if the prosecuting attorney determined that an information ought not to be filed, in which event the court might direct the prosecuting attorney to file the proper information and bring the case to trial (3 Comp. Laws 1929, § 17255 [Stat. Ann. § 28.981]).

The circuit court does not lose jurisdiction, where a void or improper information is filed. In *Dimmers v. Hillsdale Circuit Judge,* 289 Mich. 482, the circuit judge entered an order quashing an information on motion, discharged the defendant and canceled his bail bond. On appeal, it was held that the trial court was in error, that it had not lost jurisdiction of the defendant by a void or defective information having been filed. The record in the case now before us shows that petitioner was arraigned in circuit court by the prosecuting attorney, that the prosecutor read the information in open court, and that petitioner thereupon pleaded guilty to the charge as read. Petitioner, after the lapse of 15 years,

now seeks release, and petitioner's objection that the information was not signed or verified as required by the statute comes too late. *Lambert* v. *People,* 29 Mich. 71; *People* v. *Nappo,* 251 Mich. 89. Furthermore, the requirement in Act No. 175, Chap. 7, § 40, Pub. Acts 1927, that the prosecuting attorney in filing an information shall "verify the same under his oath" was removed in Act No. 24, Pub. Acts 1929. At the time the information in the present case was filed, June 11, 1930, the statute did not require that the information be verified by the prosecuting attorney who filed the same. 3 Comp. Laws 1929, § 17254 (Stat. Ann. § 28.980).

In *People* v. *Kennan,* 275 Mich. 452, a prosecution on an indictment by a grand jury, the indictment was certified only by a typewritten signature by the foreman of the grand jury. Its regularity was attacked for the first time in a brief filed in this court. It was held (p. 454):

"By going so far without objections, appellant waived any right he may have had to object to the amended indictment."

Under the constitutional powers of this court,* and under the statute of amendments,† ministerial errors may be corrected. *In re Rogers,* 308 Mich. 392; *In re Trombley,* 312 Mich. 676. The circuit court had jurisdiction of the defendant, and the mere fact that the prosecutor's signature appears as typewritten in the information, in the absence of any further showing that the information was not personally prepared and filed by the then-prosecuting attorney, is not a defect which should result in release of the defendant on habeas corpus.

* See Constitution 1908, art. 7, § 4.—Reporter.
† See 3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016).—Reporter.

Petitioner also now contends he should be released because the circuit judge did not conduct a private interview or investigation before accepting his plea of guilty.  The statute * does not require that such examination must be made in chambers or privately. It may be made in open court.  In the case at bar the court record shows affirmatively that the sentencing judge, before accepting the plea of guilty, satisfied himself that the plea was voluntary.  There is no merit in this contention.  *Bayliss* v. *People,* 46 Mich. 221; *People* v. *Ferguson,* 48 Mich. 41; *People* v. *Lewis,* 51 Mich. 172; *People* v. *Harris, supra; In re Offill,* 293 Mich. 416; *People* v. *Vester,* 309 Mich. 409; *In re Burton Roberts,* 310 Mich. 372.

Petitioner at no time denies his guilt as charged in the information except to now claim that he was merely an "accessory" in the commission of the crime.  In legal effect, this is an admission of his guilt, under the statute abolishing the distinction between accessory and principal.  3 Comp. Laws 1929, § 17253 (Stat. Ann. § 28.979).

We find no merit in the foregoing grounds now relied upon by petitioner for discharge from custody.  Other grounds asserted by him have been abandoned or not briefed.  The writ of habeas corpus is dismissed.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid, and North, JJ., concurred.  Starr, J., took no part in the decision of this case.

---

* 3 Comp. Laws 1929, § 17328 (Stat. Ann. § 28.1058).