# Syllabus

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kimberly K. Muschong

## PEOPLE v ROBINSON

Docket No. 167595. Argued on application for leave to appeal October 9, 2025. Decided February 4, 2026.

In 2013, a jury convicted defendant, Todd D. Robinson, of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, after a judge in the Jackson Circuit Court, acting as a one-person grand jury under MCL 767.3 and MCL 767.4, filed a two-count indictment against him. Before trial, defendant had unsuccessfully moved the trial court to either hold a preliminary examination or quash the information. Defendant's direct appeal of his convictions failed, as did his first motion for relief from judgment. After the decision in *People v Peeler*, 509 Mich 381 (2022)—which held that a defendant charged under MCL 767.3 and MCL 767.4 is entitled to a preliminary examination and that these statutes do not authorize a judge serving as a one-person grand jury to issue a criminal indictment—defendant filed a second motion for relief from judgment in the Jackson Circuit Court, asserting that *Peeler* applied retroactively and that it entitled him to relief. Defendant also argued that because his indictment was invalid under *Peeler*, the circuit court never obtained subject-matter jurisdiction over his case and his convictions were therefore void. The trial court, Thomas D. Wilson, J., denied the motion, ruling that *Peeler* does not apply retroactively and that, even if it did, defendant could not establish prejudice as required by MCR 6.508(D)(3)(b) because the jury convicted him after a fair trial. The Court of Appeals, CAMERON, P.J., and N. P. HOOD and YOUNG, JJ., affirmed in a published opinion, holding that although defendant's indictment violated the principles expressed in *Peeler*, that decision did not implicate subject-matter jurisdiction, announce a new rule of law, or apply retroactively on collateral review. ___ Mich App ___ (June 13, 2024) (Docket No. 365226). Defendant sought leave to appeal in the Supreme Court, which ordered oral argument on the application and directed the parties to address (1) whether the initiation of this case by an indictment filed by a judge acting as a one-person grand jury under MCL 767.3 and MCL 767.4 without conducting a preliminary examination, contrary to *Peeler*, deprived the Jackson Circuit Court of subject-matter jurisdiction and rendered the indictment void *ab initio*; (2) whether *Peeler* clearly established a new principle of law; (3) if *Peeler* clearly established a new principle of law, whether *Peeler* applies retroactively to cases pending on collateral review; and (4) whether defendant was entitled to relief from judgment under MCR 6.502(G) and MCR 6.508(D). ___ Mich ___; 14 NW3d 429 (2024).

In a unanimous opinion by Justice WELCH, the Supreme Court, in lieu of granting leave to appeal, *held*:

Under *Peeler*, a judge sitting as a one-person grand jury pursuant to MCL 767.3 and MCL 767.4 may not issue a criminal indictment, and a defendant may not be charged under this statutory scheme without a preliminary examination. The Court of Appeals correctly concluded that *Peeler* does not apply retroactively on collateral review and that violations of *Peeler*'s holdings do not implicate a circuit court's subject-matter jurisdiction, and it therefore did not err by affirming the trial court's denial of defendant's successive motion for relief from judgment. However, the panel erred by concluding that *Peeler* did not announce a new rule of law. Accordingly, this aspect of the panel's decision was vacated, and the Court of Appeals judgment was affirmed on alternative grounds.

1. Under MCR 6.502(G)(2), subsequent motions for relief from judgment are generally prohibited unless an exception applies, such as a claim of new evidence or a retroactive change in law that occurred after the first motion for relief from judgment was filed, or the trial court lacked subject-matter jurisdiction over the trial.

2. MCL 767.3 and MCL 767.4 constitute a statutory scheme commonly known as the "one-man grand jury law," which authorizes judges conducting criminal inquiries to subpoena witnesses and issue arrest warrants. Although the law does not state that a judge sitting as a one-person grand jury may issue an indictment, judges sometimes did so without providing defendants with a preliminary examination. *Peeler* ended that practice by holding that a defendant subjected to a one-person grand jury is entitled to a preliminary examination before proceeding to trial and that a judge may not issue a criminal indictment under the one-man grand jury law. *Peeler* did not address subject-matter jurisdiction or whether it would apply retroactively on collateral review.

3. *Peeler* did not implicate subject-matter jurisdiction. Subject-matter jurisdiction is the right of the court to exercise jurisdiction over a class of cases, and it is therefore not dependent on the particular facts of the case but rather on the character or class of the case pending. For that reason, although an improper charging document might implicate a circuit court's in personam jurisdiction over a defendant, it does not implicate a circuit court's subject-matter jurisdiction. It was undisputed that defendant's case was a criminal matter, and it was similarly undisputed that circuit courts have subject-matter jurisdiction over that class of cases. Accordingly, the fact that the charging procedure was erroneous did not implicate the circuit court's subject-matter jurisdiction over the case, nor, for similar reasons, did the lack of a preliminary examination strip the circuit court of its subject-matter jurisdiction.

4. The Court of Appeals correctly held that *Peeler* does not apply retroactively on collateral review under MCR 6.502(G)(2)(a), but it erred by concluding that *Peeler* did not announce a new rule of law. As a general matter, judicial decisions that express new rules are not applied retroactively to other cases that have become final. A rule of law is considered new either when an established precedent is overruled or when an issue of first impression is decided that was not adumbrated by an earlier appellate decision—in other words, when the result was not dictated by precedent existing when the defendant's conviction became final. *Peeler* established a new rule of law because it ended the existing and judicially accepted practice of allowing one-person grand

juries to issue indictments, because it decided this issue as a matter of first impression, and because no existing precedent dictated that the trial court in *Peeler* reject the legitimacy of the indictment. Accordingly, under the federal test, *Peeler* was presumed not to apply retroactively unless it constituted a new substantive rule of constitutional law, which it did not: *Peeler*'s rule was not substantive because it concerned the process of getting to trial and the manner of determining a defendant's culpability rather than categorical constitutional guarantees that place certain criminal laws and punishment beyond the state's power to impose, and it was not constitutional in nature but rather statutory. To determine whether a decision applies retroactively under the state test, a court considers the factors set forth in *Linkletter v Walker*, 381 US 618 (1965), and adopted in *People v Hampton*, 384 Mich 669 (1971): (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect on the administration of justice. The *Linkletter-Hampton* factors weighed against *Peeler*'s retroactive application because (1) *Peeler* concerns the process of getting to trial, not the fairness of the trial itself; (2) it was undisputed that, before *Peeler*, prosecutors and judges relied on the assumption that the one-man grand jury law allowed judges to issue criminal indictments; and (3) the practice appeared to have been used with some regularity over many decades in some courts, and calling the resulting convictions into question when they resulted from fair trials that applied the most stringent beyond-a-reasonable-doubt standard would unnecessarily hinder the administration of justice in Michigan. Accordingly, the *Linkletter-Hampton* factors did not support applying *Peeler* retroactively on collateral review.

Court of Appeals judgment affirmed in part on alternative grounds and vacated in part.

Justice HOOD did not participate because he was on the Court of Appeals panel that issued the decision under review.

# OPINION

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED February 4, 2026

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                        No. 167595

TODD DOUGLAS ROBINSON,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH (except HOOD, J.)

WELCH, J.

The so-called "one-man grand jury law," MCL 767.3 and MCL 767.4, authorizes judges to investigate criminal offenses, subpoena witnesses, and issue arrest warrants. In *People v Peeler*, 509 Mich 381, 394; 984 NW2d 80 (2022), we held that defendants charged under the one-man grand jury law are entitled to a preliminary examination. We also held that a judge serving as a one-person grand jury may not issue a criminal indictment. *Id*. at 395. The questions in this appeal are whether the errors we addressed in *Peeler* implicate

a circuit court's subject-matter jurisdiction and whether *Peeler* applies retroactively on collateral review.

We agree with the Court of Appeals that the answer to both questions is no. We disagree, however, with the panel's conclusion that *Peeler* did not announce a new rule of law. Accordingly, we affirm the Court of Appeals' judgment on alternative grounds, and we vacate the aspects of the panel's analysis that are inconsistent with this opinion.

## I. BACKGROUND

In 2012, a circuit judge acting as a one-person grand jury filed an indictment that charged defendant Todd Douglas Robinson with open murder, MCL 750.318, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant moved the trial court to hold a preliminary examination or, alternatively, to quash the information. The trial court denied that motion, and the jury convicted defendant of first-degree premeditated murder, MCL 750.316(1)(a), and felony-firearm. Defendant's direct appeal failed, as did his first motion for relief from judgment.

After we issued our opinion in *Peeler*, defendant filed the instant motion for relief from judgment, which is his second. Through that motion, defendant asserted that *Peeler* applied retroactively and that it entitled him to relief. Defendant also argued that because his indictment was invalid under *Peeler*, the circuit court never obtained subject-matter jurisdiction over his case. As a result, defendant argued, his convictions are null and void.

The trial court denied the motion and held that *Peeler* does not apply retroactively. Even if it did, the trial court reasoned, defendant could not establish prejudice because the

2

jury convicted defendant after a fair trial. See MCR 6.508(D)(3)(b) (requiring a defendant seeking relief from judgment to establish that the alleged irregularities resulted in prejudice). The trial court did not address defendant's arguments concerning subject-matter jurisdiction.

The Court of Appeals affirmed in a published opinion. *People v Robinson*, ___ Mich App ___; ___ NW3d ___ (June 13, 2024) (Docket No. 365226). The panel held that although defendant's indictment violated the principles expressed in *Peeler*, (1) *Peeler* does not implicate subject-matter jurisdiction, and (2) *Peeler* does not apply retroactively on collateral review. In reaching the latter holding, the panel held that *Peeler* did not announce a new rule of law. Defendant then applied to this Court for leave to appeal.

We ordered oral argument on the application. Our order directed the parties to address:

> (1) whether the initiation of this case by an indictment filed by a judge acting as a one-man grand jury under MCL 767.3 and MCL 767.4, and without a preliminary examination, contrary to *People v Peeler*, 509 Mich 381 (2022), deprived the Jackson Circuit Court of subject-matter jurisdiction and rendered the indictment void *ab initio*; (2) whether *Peeler* " 'clearly establishe[d] a new principle of law;' " *League of Women Voters v Sec'y of State*, 508 Mich 520, 565 (2022), quoting *Pohutski v City of Allen Park*, 465 Mich 675, 696 (2002); (3) if *Peeler* clearly established a new principle of law, whether *Peeler* applies retroactively to cases pending on collateral review; and (4) whether the defendant is entitled to relief from judgment under MCR 6.502(G) and MCR 6.508(D). [*People v Robinson*, ___ Mich ___, ___; 14 NW3d 429, 429 (2024).]

## II.  LEGAL BACKGROUND

## A.  STANDARD OF REVIEW

We review a trial court's decision on a motion for relief from judgment for an abuse of discretion. *People v Christian*, 510 Mich 52, 74; 987 NW2d 29 (2022). A trial court

3

abuses its discretion when it "makes a decision that falls outside the range of reasonable and principled outcomes or makes an error of law." *Id*. at 75 (quotation marks and citations omitted). We review de novo whether a trial court lacked subject-matter jurisdiction over a defendant's trial. *People v Washington*, 508 Mich 107, 121; 972 NW2d 767 (2021). Finally, whether a judicial opinion applies retroactively is a question of law that we review de novo. *People v Maxson*, 482 Mich 385, 387; 759 NW2d 817 (2008).

### B. PROCEDURAL BAR

Defendant appeals the trial court's denial of his second motion for relief from judgment. Our rules generally prohibit second or subsequent motions for relief from judgment. See MCR 6.502(G)(2). There are, however, exceptions to that bar. A defendant may file a second or subsequent motion for relief from judgment based upon:

> (a) a retroactive change in law that occurred after the first motion for relief from judgment was filed,
>
> (b) a claim of new evidence that was not discovered before the first such motion was filed, or
>
> (c) a final court order vacating one or more of the defendant's convictions either described in the judgment from which the defendant is seeking relief or upon which the judgment was based. [MCR 6.502(G)(2).[1]]

A court may waive the provisions of MCR 6.502(G)(2), however, "if it concludes that there is a significant possibility that the defendant is innocent of the crime." *Id*. Finally, the bar

---

[1] Although not relevant here, we note that the third exception was adopted shortly before the trial court entered the order at issue in this case and had not yet become effective. See Amendment of Rule 6.502, 510 Mich cxxxi, cxxxii (2022) (adopting MCR 6.502(G)(2)(c) effective January 1, 2023).

against successive motions for relief from judgment does not apply if a trial court lacked subject-matter jurisdiction over the trial. *Washington*, 508 Mich at 131.

## C. THE ONE-MAN GRAND JURY LAW

"Enacted in 1917, MCL 767.3 and MCL 767.4 are part of a statutory scheme that quickly became known as the 'one man grand jury' law." *Peeler*, 509 Mich at 389, citing *People v Doe*, 226 Mich 5, 6; 196 NW 757 (1924). The law authorizes judges conducting criminal inquiries to subpoena witnesses and issue arrest warrants. See MCL 767.3 and MCL 767.4. Despite the law's nickname, however, the governing statutes do not state that a judge sitting as a one-person grand jury may issue an indictment. *Peeler*, 509 Mich at 396. Nevertheless, for many years, "the power of a judge conducting an inquiry to issue an indictment was simply an unchallenged assumption . . . ." *Id*. at 399. Based upon that assumption, Michigan judges acting under the one-man grand jury law sometimes issued indictments without providing defendants with a preliminary examination. See *id*.

*Peeler* ended that practice. As explained earlier, *Peeler* held that (1) defendants subjected to a one-person grand jury are entitled to a preliminary examination before proceeding to trial and (2) a judge may not issue a criminal indictment under the one-man grand jury law. *Id*. at 400. Relevant to this appeal, *Peeler* never mentions subject-matter jurisdiction, nor does it address whether it would apply retroactively on collateral review.

## III. DISCUSSION

Defendant argues that because his indictment was improper under *Peeler*, the trial court lacked subject-matter jurisdiction over his trial. The parties also discuss whether *Peeler* applies retroactively on collateral review. If either issue is resolved in defendant's

5

favor, he would clear the procedural bar against successive motions for relief from judgment. See MCR 6.502(G)(2)(a); *Washington*, 508 Mich at 131. We address both issues in turn.

## A. WHETHER *PEELER* IMPLICATES SUBJECT-MATTER JURISDICTION

"Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case." *Washington*, 508 Mich at 121, citing *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992). If a circuit court lacked subject-matter jurisdiction over a trial, any subsequent judgment is void *ab initio*. *Washington*, 508 Mich at 129-130. That rule applies on a successive motion for relief from judgment. *Id*. at 131. A judgment is not void, however, when there are jurisdictional or procedural issues that do not implicate subject-matter jurisdiction. *People v Scott*, 513 Mich 180, 212; 15 NW3d 159 (2024). The dispositive issue, therefore, is whether the trial court had subject-matter jurisdiction over defendant's trial. If it did not, then defendant's conviction would be void *ab initio*. *Washington*, 508 Mich at 129-130.

Michigan courts do not have inherent subject-matter jurisdiction. *Id*. at 121. Instead, the courts derive subject-matter jurisdiction "from our constitutional and statutory provisions." *Id*. Our Constitution gives circuit courts "original jurisdiction in all matters not prohibited by law[.]" Const 1963, art 6, § 13. In addition, MCL 600.601 provides:

> (1) The circuit court has the power and jurisdiction that is any of the following:
>
> (a) Possessed by courts of record at the common law, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

6

(b) Possessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

(c) Prescribed by the rules of the supreme court.

Based upon these constitutional and statutory provisions, "[s]ubject matter jurisdiction is presumed unless expressly denied by constitution or statute." *People v Goecke*, 457 Mich 442, 458; 579 NW2d 868 (1998), citing *Bowie*, 441 Mich at 38.

Of particular relevance to this case is the fact that subject-matter jurisdiction "is the right of the court to exercise jurisdiction over a *class of cases*, such as criminal cases." *Goecke*, 457 Mich at 458 (emphasis added). Thus, subject-matter jurisdiction "is 'not dependent on the particular facts of the case' but, instead, *is dependent on the character or class of the case* pending." *Washington*, 508 Mich at 121, quoting *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (emphasis added). For that reason, improper charging documents do not implicate a circuit court's subject-matter jurisdiction. *Goecke*, 457 Mich at 458-459. See also *In re Elliott*, 315 Mich 662, 675; 24 NW2d 528 (1946). After all, improper charging documents do not affect whether a circuit court has the right to exercise jurisdiction over criminal cases generally. Instead, an improper charging document may implicate a circuit court's in personam jurisdiction over a defendant.[2] *Goecke*, 457 Mich at 459.

---

[2] As our cases have made clear, a circuit court's jurisdiction remains "limited to [the offenses] specified in the return made by the examining magistrate." *People v Curtis*, 389 Mich 698, 708; 209 NW2d 243 (1973), citing *People v Evans*, 72 Mich 367; 40 NW 473 (1888). See also *People v Dochstader*, 274 Mich 238, 244-245; 264 NW 356 (1936). Our holding today does nothing to disturb this settled precedent.

With those principles in mind, we hold that a *Peeler* violation does not implicate a circuit court's subject-matter jurisdiction. It is undisputed that defendant's case was a criminal matter, and it is similarly undisputed that circuit courts have subject-matter jurisdiction over that "class of cases." *Goecke*, 457 Mich at 458. The fact that the charging procedure was erroneous thus did not implicate the circuit court's subject-matter jurisdiction over the case. *Id*. at 458-459. For similar reasons, the lack of a preliminary examination did not strip the circuit court of its subject-matter jurisdiction. We therefore affirm the judgment of the Court of Appeals on this issue.

B. WHETHER *PEELER* APPLIES RETROACTIVELY ON COLLATERAL REVIEW

Jurisdiction aside, the Court of Appeals also held that *Peeler* does not apply retroactively on collateral review under MCR 6.502(G)(2)(a). We agree with this conclusion, albeit on different grounds.

As a general matter, "judicial decisions which express new rules normally are not applied retroactively to other cases that have become final." *People v Barnes*, 502 Mich 265, 268; 917 NW2d 577 (2018). When determining whether an opinion applies retroactively, therefore, the Court must first consider the "threshold question" of whether that "decision amounts to a new rule of law." *League of Women Voters v Secretary of State*, 508 Mich 520, 566; 975 NW2d 840 (2022).

" 'A rule of law is *new* for purposes of resolving the question of its retroactive application . . . either when an established precedent is overruled or when an issue of first impression is decided which was not adumbrated by any earlier appellate decision.' " *Id*., quoting *People v Phillips*, 416 Mich 63, 68; 330 NW2d 366 (1982) (ellipsis in *League of*

8

*Women Voters*). Put another way, " 'a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.' " *People v Walker*, 328 Mich App 429, 438; 938 NW2d 31 (2019), quoting *Chaidez v United States*, 568 US 342, 347; 133 S Ct 1103, 185 L Ed 2d 149 (2013).

The Court of Appeals held that *Peeler* did not announce a new rule of law. We disagree. First, *Peeler* unquestionably ended the existing and judicially accepted practice of allowing one-person grand juries to issue indictments. See *Peeler*, 509 Mich at 399 ("It seems that the power of a judge conducting an inquiry to issue an indictment was simply an unchallenged assumption, *until now*.") (emphasis added). Second, *Peeler* decided " 'an issue of first impression . . . which was not adumbrated by any earlier appellate decision.' " *League of Women Voters*, 508 Mich at 566, quoting *Phillips*, 416 Mich at 68. Until *Peeler*, no appellate court had ruled on whether the one-man grand jury law allowed judges to issue indictments. Finally, no existing precedent dictated that the trial court in *Peeler* reject the legitimacy of the indictment. See *Walker*, 328 Mich App at 438.

Because *Peeler* established a new rule of law, we presume that it does not apply retroactively. See *Barnes*, 502 Mich at 268. But our inquiry does not end there. The United States Supreme Court has explained that "courts must give retroactive effect to new substantive rules of constitutional law." *Montgomery v Louisiana*, 577 US 190, 198; 136 S Ct 718; 193 L Ed 2d 599 (2016). See also *Barnes*, 502 Mich at 271-272. We must therefore determine whether *Peeler* announced a new *substantive* rule of *constitutional* law.[3] "Substantive rules include 'rules forbidding criminal punishment of certain primary

---

[3] Until 2021, United States Supreme Court precedent provided two exceptions to the presumption against retroactivity: (1) opinions announcing a new substantive rule of

conduct,' as well as 'rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.' " *Montgomery*, 577 US at 198, quoting *Penry v Lynaugh*, 492 US 302, 330; 109 S Ct 2934; 106 L Ed 2d 256 (1989).

*Peeler* did not announce a new substantive rule of constitutional law. First, *Peeler* concerned the process of getting to trial. *Peeler*, 509 Mich at 400. It did not concern " 'categorical constitutional guarantees that place certain criminal laws and punishment altogether beyond the State's power to impose.' " *People v Poole*, ___ Mich ___, ___; ___ NW3d ___ (January 22, 2025) (Docket No. 166813); slip op at 10, quoting *Montgomery*, 577 US at 201. Instead, *Peeler* regulated " 'the *manner of determining* [a] defendant's culpability.' " *Id*. at ___; slip op at 10, quoting *Montgomery*, 577 US at 201. Second, our holding in *Peeler* was "statutory," not constitutional. *Peeler*, 509 Mich at 400. Consequently, the federal test does not demand retroactive application of *Peeler*.

Having determined that *Peeler* does not apply retroactively under the federal retroactivity test for new rules, we "must also consider whether [the opinion] applies retroactively on state-law grounds." *Barnes*, 502 Mich at 273. To do so, we apply the *Linkletter-Hampton* factors. See *id*. at 273 n 5; *Poole*, ___ Mich at ___; slip op at 6. See also *People v Hampton*, 384 Mich 669; 187 NW2d 404 (1971); *Linkletter v Walker*, 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965). Those factors are: " '(1) the purpose of the

---

constitutional law, and (2) opinions announcing "a 'watershed rule' of criminal procedure." *Barnes*, 502 Mich at 271, quoting *Montgomery*, 577 US at 198. In *Edwards v Vannoy*, 593 US 255, 272; 141 S Ct 1547; 209 L Ed 2d 651 (2021), however, the Supreme Court eliminated the "watershed rule" exception from the federal test.

10

new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice.' " *Poole*, ___ Mich at ___; slip op at 4, quoting *Hampton*, 384 Mich at 674.

The *Linkletter-Hampton* factors weigh against *Peeler*'s retroactive application. With respect to the purpose of the new rule, as explained earlier, *Peeler* concerns the process of getting to trial, not the fairness of the trial itself. See generally *Peeler*, 509 Mich 381. Because the rule's purpose is unrelated to the fairness of a trial, the first *Linkletter-Hampton* factor does not favor retroactive application. See *Poole*, ___ Mich at ___; slip op at 4. With respect to the general reliance on the old rule, it is undisputed that before *Peeler*, prosecutors and judges relied upon the "unchallenged assumption" that the one-man grand jury law allowed judges to issue criminal indictments. *Peeler*, 509 Mich at 399. See also *id*. at 393-394. The second *Linkletter-Hampton* factor therefore weighs against *Peeler*'s retroactive application. See *Poole*, ___ Mich at ___; slip op at 4. Finally, although the exact number of defendants subjected to the errors identified in *Peeler* is unknown, the practice appears to have been used with some regularity over many decades in some courts. Calling into question convictions in numerous cases in which defendants were convicted following a fair trial under the most stringent beyond-a-reasonable-doubt standard would therefore hinder unnecessarily the administration of justice in Michigan. For that reason, the third *Linkletter-Hampton* factor also weighs against *Peeler*'s retroactive application. Thus, the *Linkletter-Hampton* factors do not support applying *Peeler* retroactively on collateral review.

## IV. CONCLUSION

We hold that a *Peeler* error does not implicate a circuit court's subject-matter jurisdiction and that *Peeler* does not apply retroactively on collateral review. Accordingly, we affirm the Court of Appeals' decision affirming the trial court's denial of defendant's second motion for relief from judgment. However, we vacate the Court of Appeals' analysis holding that *Peeler* did not announce a new rule of law.

Elizabeth M. Welch
Megan K. Cavanagh
Brian K. Zahra
Richard H. Bernstein
Kyra H. Bolden
Kimberly A. Thomas

HOOD, J., did not participate because he was on the Court of Appeals panel that issued the decision under review.

12